PEOPLE *v.* CHIPPEWA CIRCUIT JUDGE.

1. SEARCHES AND SEIZURES—AFFIDAVITS CONSIDERED TOGETHER — LOCATION OF BUILDING.

   Affidavits for the issuance of a search warrant must be considered together for the purpose of determining whether the showing fixed the location of the place to be searched within the county.

2. SAME—RIGHT TO ISSUE SEARCH WARRANT RESTS ON EXISTING FACTS.

   The right to issue a search warrant rests upon facts existing at the time the showing is made for the warrant.

3. SAME—INTOXICATING LIQUORS—SALE OF WHISKY 66 DAYS BEFORE APPLICATION FOR WARRANT INSUFFICIENT SHOWING TO AUTHORIZE ITS ISSUANCE.

   Proof of a single sale of whisky in a private residence 66 days before the making of an affidavit for a search warrant afforded no ground for a finding of reasonable cause to believe that whisky is being kept, possessed, and stored therein for the purpose of being sold, furnished or given away as a beverage, and, therefore, was insufficient to authorize the issuance of a search warrant, in the ab-

sence of a showing of intervening facts disclosing continuing cause, since a search warrant must issue, if at all, upon an existing cause.

Mandamus by the people of the State of Michigan to compel Louis H. Fead, circuit judge of Chippewa county, to vacate an order suppressing evidence seized under a search warrant. Submitted January 29, 1924. (Calendar No. 31,148.) Writ denied March 5, 1924.

*M. M. Larmonth,* Prosecuting Attorney, for plaintiff.

WIEST, J. On motion, before trial, of a defendant charged with a violation of the liquor law, the circuit judge suppressed the evidence seized under a search warrant, and the prosecuting attorney seeks, by mandamus, to have such order vacated. Under the petition and return two questions are presented.

*First,* Did the showing for the search warrant fix the place to be searched within the county of Chippewa?
*Second,* Was there such a showing as justified a finding of probable cause at the time the search warrant was issued?

The chief of police of the city of Sault Ste. Marie made affidavit before a magistrate, on information and belief:

"That on the premises situate, known and numbered as No. 416 Portage avenue east, in the city of Sault Ste. Marie, county of Chippewa, State of Michigan, which said premises are occupied by one J. Burdeno, as a dwelling house, but which dwelling is also used as a place for the sale of intoxicating liquors, etc. * * * And that the grounds of his said belief are as follows: The affidavit of one William Forsyth, a copy of which is hereto attached."

Forsyth's affidavit, made before the magistrate, stated:

"That on or about the 15th day of April, A. D., 1923, he bought one pint of whisky, for which he paid $2.00, from one J. Burdeno at said Burdeno's residence, 416 Portage avenue east."

The circuit judge was of the opinion that Forsyth's affidavit did not locate Burdeno's residence within the county of Chippewa. We think the two affidavits upon this point must be considered together, and so considered fixed Burdeno's residence within the county.

In his return to the order to show cause the circuit judge set forth:

"There was no showing before the justice that, at the time of the issuance of the search warrant, June 21, 1923, Burdeno's house 'is being used for the unlawful sale of intoxicating liquors.' In the opinion of the respondent, a single sale, on April 15, 1923, without a showing of intervening circumstances indicating a continuance of an unlawful use, is not sufficient to bring the dwelling within the terms of the statute and subject it to search."

The right to issue a search warrant rests upon facts existing at the time the showing is made for the warrant. This is made clear by the Constitution and every statutory provision with reference to search warrants. If Mr. Burdeno, in his dwelling, sold Mr. Forsyth a pint of whisky on April 15, 1923, he may be prosecuted for doing so, but such sale alone afforded no ground for a finding of reasonable cause to believe that on June 21, 1923, whisky "is being kept, possessed and stored (in such dwelling) for the purpose of being sold, furnished or given away as a beverage." Cause 66 days old, without any intervening facts disclosing continuing cause, will not justify a search warrant. A search warrant must issue, if at all, upon an existing cause. A search warrant is no general arm for ferreting out crime, but a special proceeding, based on present cause, hedged by strict constitutional provisions, must be speedily executed and cannot be issued on a showing of facts existing over 60 days before and

not in any way brought down to the date the warrant is issued.

We must hold that the warrant was improvidently issued, and the learned circuit judge was right in suppressing the evidence seized under it. The question being a public one the writ is denied without costs.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.