## JOHN PECCIO v. STATE.

No. A-8002.   Feb. 5, 1932.
(7 Pac. [2d] 913.)

Monk & McSherry, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Pittsburg county on a charge of having the unlawful possession of intoxicating liquor, and was sentenced to pay a fine of $50 and to serve 30 days in the county jail.

At the time charged, defendant resided on certain property belonging to one Watson.   An affidavit for a search warrant was made and a search warrant procured for the premises, and a search made which resulted in the officers finding 15 quarts of "choc" beer and about a quart of whisky.

The property searched belonged to one Watson and wife.   They left the property the last day of September and resided for a time at Oklahoma City.   Defendant, a son-in-law of Watson, resided with his wife on these

premises after Watson left. The affidavit for a search warrant sets out probable cause for searching the premises which is based on the conduct of Watson and wife and the reputation and condition of the premises while occupied by them. The search warrant recites that the property is the residence of Watson and wife. Defendant filed a motion to suppress the evidence, and objected to the introduction of the evidence as having been obtained by an illegal search. It is apparent the facts on which the affidavit was made and the warrant issued were stale at the time. Proceedings by search warrant must be directed to existing violations of the law. People v. Chippewa Circuit Judge, 226 Mich. 326, 197 N. W. 539; Cornelius, Search and Seizure, §§ 87, 88. The affidavit sets out very meager facts and is of doubtful validity. When it was made to appear that the affidavit and warrant was predicated on the acts of the Watsons and that the premises were the residence of defendant, as these facts were disclosed and undisputed, the evidence should have been suppressed. An affidavit setting out misconduct of a former resident of premises as a basis for a search warrant does not justify the search of a private residence of a subsequent resident of the premises. Such search violates section 30, art. 2, state Const.

The case is reversed and remanded.

DAVENPORT, P. J., and CHAPPELL, J., concur.