By the Court.
 

 There are two ways in which a qualified person may become a party nominee for political office:
 

 
 *341
 
 1. By filing a declaration of candidacy under Sections 4785-69 and 4785-70, General Code.
 

 2. By obtaining an eight per cent write-in vote as-provided by Section 4785-87, General Code.
 

 In addition to the nominations made at party primaries, provision is made by Section 4785-91, General Code, for the nomination of independent candidates by filing a petition within a prescribed time, containing the signatures of not less than one per cent of the-qualified electors voting at the last general election for the office of Governor.
 

 The concluding sentence of Section 4785-69 sweepingly states: “No person
 
 ivho seeks
 
 party nomination for an office or position at a primary and fails to receive such nomination, shall be permitted to become a candidate at the following election for the same office-by petition.” (Italics ours.)
 

 Heading the statutes referred to
 
 in pari materia,
 
 it would seem plain that one who unsuccessfully
 
 seeks
 
 nomination for political office at a party primary election, either by filing a declaration of candidacy or by conducting a write-in campaign, may not become an independent candidate at the ensuing election for the-identical office by filing a petition.
 

 The nest subject of inquiry is-whether the board of elections had authority to reject relator’s petition as an independent candidate.
 

 This question finds an affirmative answer in Section 4785-92, General Code, providing that objections to a nominating petition for a county office shall be heard by the board of elections where filed, “and the findings and the decision made thereon shall be final.”
 

 The validity and force of such a statute has been recognized by this court on several occasions. See,
 
 State, ex rel. Buel,
 
 v.
 
 Joyce,
 
 87 Ohio St., 126, 100 N. E., 325.
 

 It is elementary that a writ of mandamus will not
 
 *342
 
 issue to control the discretion of public officials or ■boards.
 

 In the pending case the board reached its findings .and decision upon evidence of a persuasive character, .and no fraud or abuse of discretion is charged or apparent.
 

 The respondents having therefore disposed of a matter within their lawful jurisdiction, and the relator having failed to show a refusal on the part of respondents to perform an act which the law specially enjoins upon them in their official capacity, the writ of mandamus is denied.
 

 Writ denied.
 

 Weygandt, C. J., Turner, Williams, Matthias, Hart and Zimmerman, JJ., concur.