Williams, J.
 

 It is not necessary to recite at length the averments of the petition and-answer.
 

 The relator, by the protests filed with the board of ■elections, seeks to raise the question whether the candidates Meek and Patton were electors of the city of Cleveland at the time their nominating petitions were filed. The board of elections refused to consider these protests on the ground that they were not filed in time. So we do not have before us the question whether the candidates named were then electors of the city of Cleveland, and, of course, we cannot at this time consider the provisions of Section 1579-2, General Code, which require that judges of the Municipal Court shall at the time of their election be qualified electors and residents of the city of Cleveland. In fact relator states in Ms brief that the only question now before this court is whether the protests were seasonably filed.
 

 The time for filing objections is fixed by Section 4785-92, General Code, which
 
 inter alia
 
 provides:
 

 ‘ ‘ Such petition papers shall be preserved and open, under proper regulations, to public inspection for at least five days prior to the fifty-fifth day preceding the election, during which time objections may be filed thereto, and be heard by the Secretary of State or the board, as the case may be.”
 

 This section provides that objections may be filed during the period the nominating petitions are open to inspection. The period of inspection must be at least five days in extent and must be prior to the fifty-fifth day preceding the election. It is settled that when a statute requires an act to be done within- a specified number of days prior to a fixed date, the last day,
 
 *188
 
 namely, the fixed date, is to be excluded and the first day included in making the calculation.
 
 State, ex rel. Jones,
 
 v.
 
 Bd. of Deputy State Supervisors and Inspectors of Elections of Montgomery County,
 
 93 Ohio St., 14, 112 N. E., 136. Election day will be November 2, 1913, and in determining the fifty-fifth day prior thereto we must exclude election day and count back. Doing so, we find the fifty-fifth day before election was September 8th.
 

 Relator’s protests were filed on September 8, 1913, or the fifty-fifth day before election. Therefore,, the filings were too late as the period of five days or more in which protests'containing objections could have been filed must precede the fifty-fifth day prior to ■election day. In any event, September 7th was the last day on which such protests could have been filed.
 

 Relator has cited
 
 State, ex rel. Anderson,
 
 v.
 
 Hyde et al., Bd. of Elections,
 
 140 Ohio St., 339, 44 N. E. (2d), 263, as authority for his contention. An examination of that case discloses that no question as to time of filing protest was raised or decided.
 

 Basing our opinion on the only question which we have before us, namely, the time objections are required to be filed, we reach the conclusion that relator’s objections came too late and that the board of elections was not required to consider them.
 

 Therefore the writ of mandamus is denied.
 

 Writ denied.
 

 Weygandt, C. J., Hart, Zimmerman and Turner, JJ., concur.
 

 Matthias and Bell, JJ., dissent.