WAGGENER *v.* McCANLESS.

*(Nashville,* December Term, 1945.)

Opinion filed January 19, 1946.

E. H. LANNOM, of Union City, and R. E. L. GALLIMORE, of Martin, for plaintiff in error, petitioner below.

C. W. TULEY, Assistant Attorney-General, for defendant in error.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This appeal is from the Circuit Court of Davidson County, from an order there dismissing a petition for *certiorari* filed by the plaintiff in error. In the petition for *certiorari*, filed under authority of Chapter 119, Public Acts of 1941 as amended, plaintiff in error here, petitioner there, and who is referred to hereinafter as petitioner, recites that he is a resident citizen of Weakley County, where he occupies a large brick building as a

hotel. That on February 3, 1945, a search warrant was issued by a justice of the peace of Weakley County, directing a search of these premises. That highway patrolmen secured the warrant and made the search, and .that according to the return of these officers made on the warrant, there had been found three cases of whisky, a portion of which was found in the trunk of petitioner's automobile housed in the basement of the hotel. That the automobile was confiscated and delivered to the Commissioner of Finance and Taxation as contraband to be dealt with by him in such manner as is required by law. That the search was unlawful on account of certain irregularities in the warrant. That nevertheless, the commissioner refused to return his automobile, and the petitioner finally prayed that the action of the commissioner be reversed and that his automobile be returned to him on account of the illegality of the search. Writ of *certiorari* was granted by the circuit judge and the commissioner filed a complete transcript of the proceedings had before him. Petitioner introduced no proof in the circuit court and the hearing was had on the transcript before the commissioner. The single question presented was the validity of the search. The circuit judge found that the search was legal and dismissed the petition. From this action of the circuit judge the petitioner perfected an appeal and the single question presented here is again on the validity of the search.

The attack is made on a portion of the affidavit upon which the search warrant was issued and which is as follows: "This affidavit is based on information just received from a good and reliable person whose name affiant has disclosed to me as a Justice of the Peace. Affiant states on oath that said informant has just told him that he had *just recently seen* the above named per-

son place a quantity of intoxicating liquors on the premises hereinafter described; also, that he has *recently* seen sundry persons drinking intoxicating liquors on said premises and going there at different hours of the day and night sober and returning in a drunken condition. (In the margin) Affiant's informant says said sales have been made to him *frequently and within the last few days."* · (Emphasis supplied.)

Petitioner has made numerous assignments of error, but as his brief discloses, and as was admitted by counsel in argument before us, the question on appeal is limited to those questions presented by assignments Nos. 3 and 4, and therefore, we deem it necessary to copy only these two assignments. They are:

"Error No. 3. Because the Court erred in disallowing the petition for *certiorari* and *supersedeas* and the holding that the magistrate issuing the search warrant under which the contraband liquors were found stored in appellant's automobile had sufficient facts before him reflected by the affidavit supporting the search warrant, to find probable cause to believe that an unlawful situation was existing upon the premises of appellant at the time of the issuance of such warrant, *and that it was not necessary to set out in the body of the affidavit the date on which the affiant's informant observed the unlawful acts of appellant.*

"Error No. 4. Because the court erred in not holding the search warrant invalid and the search unlawful *because the date of the observation of the offense committed is essential and that if no such date is stated in the affidavit for the search warrant, that in that event the issuance of such warrant by the magistrate is unsupported by an essential element of material evidence,* and since the element of time is lacking in the affidavit the

court should have held said warrant invalid.'' (Emphasis supplied.)

It appears from his brief and argument that petitioner bases these assignments on the language of this Court in *Welchance* v. *State,* 173 Tenn. 26, 114 S. W. (2d) 781, which the Court followed in *Everett* v. *State,* 182 Tenn. 22, 184 S. W. (2d) 43, 44. In both these cases it was said by this Court that a definite statement of the ''date'' of the observation of the offense on which the affidavit was based must appear.

■■ The protection afforded the citizen by the Constitution is against unreasonable searches of his person or property and if there be ''probable cause'' to justify a conclusion by a reasonable person that a breach of law is existing on such person or premises at the time of the application for the warrant, the search is not unreasonable. In arriving at ''probable cause'' one essential element, and the only one with which we are here concerned, is that of the time at which the informant of the officer secured the information on which the latter applies for the warrant. Such time is essential and must appear on the face of the affidavit, and of course, the nearer it is to the time of the application the more effective it is to justify a conclusion of probable cause.

■ There is and could not reasonably be any rigid rule, arbitrarily made, that the time element, that is the time elapsed between the observed offense and the application for the warrant, had to be supplied in one fixed way. So long as the statement of the time is certainly and denitely made, that is all that the law does or could require.

Webster's New International Dictionary gives the following definitions for the word ''date'':

"1. That statement or formula affixed to a writing, inscription, coin, etc., which specifies the time (as day, month, and year), and often the place, of execution or making.

"2. The point of time at which a transaction or event takes place, or is appointed to take place; a given point of time."

Counsel for petitioner insists that in the use of the word "date" in the *Welchance* and *Everett cases, supra,* the Court used the word with the first meaning.

It is true that in the *Everett case,* the affiant officer before the Magistrate, undertook to state the time by using the first method, giving the day, month and year on which the observation of the offense had occurred. However, this undertaking was incomplete, and on the face of the affidavit it appeared that the observation had occurred on "the 23 day of ———, 1943," so that the observed offense might have occurred on the 23d day of any month of 1943, prior to the time at which application was made for the warrant. As the application was made on the 24th day of September, the period was nine months. Clearly, such uncertainty in the time element rendered valueless the information given as evidence of probable cause.

It is true that the officer in the *Everett case* chose to give the "date" (definition No. 1, Webster, *supra*) in order to fix the time of the occurrence and we were dealing with the record as it was presented to us, but there was no holding that this method of fixing time or date was exclusive.

In the *Welchance case, supra,* it is clear that Mr. Justice McKinney was using the word "date" as synonymous with time, since he says expressly, "it was unnecessary to state in the complaint the date on which the liquor

was bought.'' (173 Tenn. at page 29, 114 S. W. (2d) at page 782.) In the affidavit there under attack, no attempt was made by the affiant to give the date or time at all, and there was on the face of the affidavit no way to estimate the time element on which the magistrate had arrived at the conclusion of probable cause.

. The State, in a very comprehensive brief, has taken great pains to cite and analyze all the opinions from foreign jurisdictions cited by Mr. Justice McKINNEY to support his holding that the date or time of the observation of the offense must appear in the affidavit. *Neal* v. *Commonwealth*, 218 Ky. 718, 292 S. W. 314; *People* v. *Chippewa Circuit Judge,* 226 Mich. 326, 328, 197 N. W. 539; *People* v. *Holton*, 326 Ill. 481, 158 N. E. 134. It is unnecessary to this opinion to review these cases or quote from them in detail, and it is sufficient that in all, the word ''date'' was used as synonymous with the word ''time.''

We have no doubt that this is the law and that so long as the time or date be definitely and clearly fixed, no particular method for fixing it could reasonably be required. Further, there is no requirement that the observation of the occurrence shall have been observed within any specified number of days prior to the application for the warrant.

It remains to consider whether a statement that the officer's informant had observed an offense ''just recently'' and ''within the last few days,'' was a statement of the time element of sufficient definiteness and certainty to supply the time element in a reasonable conclusion of probable cause. We have no hesitation in deciding that to a reasonable mind, a statement by an observer at the time he made application for a warrant, that he had just recently seen a quantity of liquor stored

on certain premises and had within the last few days, bought drinks of intoxicating liquor on those premises, would lead to the conclusion that the unlawful condition continued to exist on those premises at the time of the application for the warrant.

A final assignment of error is made but not stressed, that the description of the contraband was insufficient because it was not stated that the intoxicating liquor was unstamped and, therefore, since the possession of stamped intoxicating liquor was not an offense, that the charge was incomplete. There is obviously no merit in this assignment since the affidavit was made of purchase of liquor by the drink, and such sale is unlawful in Weakley County, whether the liquor be stamped or unstamped.

All assignments of error are overruled and the judgment of the circuit court dismissing the petition for *certiorari* is affirmed.