THE STATE, EX REL. BOUSE, JR., *v.* CICKELLI ET AL.;
BOARD OF ELECTIONS OF TRUMBULL COUNTY.

(No. 1306—Decided March 29, 1954.)

*Mr. Dennis W. Dunlavy* and *Messrs. Guarnieri & Secrest,* for relator.

*Mr. Charles H. Anderson,* prosecuting attorney, for respondents.

GRIFFITH, P. J. The relator filed in this court his petition, seeking a writ of mandamus requiring the Board of Elections of Trumbull County to print and place upon the official Democrat primary ballot the relator's name for the office of Representative to Congress from the Eleventh Congressional District of Ohio and to certify to the respective boards of elections of the other four counties of the district to do likewise.

There is no issue of fact in this case. The relator, Hugo F. Bouse, Jr., was a Republican candidate for Congress from the Eleventh Congressional District in the Republican primary held in May 1952. At that time, he was a resident of Mantua Township, Portage County, that being within the said congressional district, and he voted the Republican primary ticket.

At the general election in November 1952, although eligible, he did not vote. When the primary of May 1953 arrived he, being a resident of a township within the district where the party primaries are not held in odd numbered years, was precluded from participating in any party primary.

On February 1, 1954, he filed with the respondents his declaration of candidacy and petitions for nomination as a candidate of the Democrat Party for the office of Representative to Congress from the Eleventh Congressional District. The district comprises the counties of Ashtabula, Geauga, Lake, Portage, and a large part of Trumbull, the latter being the most populous county of the district.

It is admitted by respondents that the petitions are sufficient in form and contain the signatures of a sufficient number of qualified electors of Trumbull County alone to entitle relator to a place on the ballot in the coming May primary and, in all other respects, are in conformity to law.

On February 9, 1954, respondents rendered a decision holding that the declaration of candidacy of Hugo F. Bouse, Jr., as a candidate for said office was invalid for the reason that he was ineligible to file as a Democrat candidate and, therefore, not qualified to be chosen for the office on that ticket and denying relator the right to have his name appear upon such ballot as a candidate for such office on the Democrat ticket.

Section 3513.191 [3513.19.1], Revised Code, reads as follows:

"No person shall be a candidate for nomination at a party primary if at the next preceding primary election he registered or voted as a member of a different political party."

This law became effective on January 1, 1954. So far as relator is concerned "the next preceding primary election" was the May primary of 1952. By residing in a township of the district the entire year of 1953, he denied himself the privilege of voting in a party primary that year.

Can it be said that, because he resided in a township wherein no party primary is held in the odd-numbered years and, therefore, could not vote, he is discriminated against by one who resides in a city of the district who may vote in such odd-numbered-year primary? Relator complains that he is, thereby, a victim of discrimination. With this contention, this court cannot agree.

At the Republican primary of May 1952, relator voted a Republican ballot. He was affiliated with the Republican Party. That status continues, and he is presumed to remain with that party until he, by an affirmative act, changes his status.

That affirmative act, in this case, for this candidate for nomination at the Democrat primary of 1954

would have been registering or voting the Democrat primary ballot in 1952, that being the next preceding primary election. He did neither. The same qualifications attaching to a candidate at a party primary as attach to an elector no longer exist.

The Legislature, by this recent enactment, has placed a premium upon one offering himself as a candidate at a party primary. That is a stimulant to our two party system.

Section 3513.191 [3513.19.1], Revised Code, pertains to disqualification of candidates for nomination at a party primary and nothing more. Its language is plain. It is not discriminatory, but regulatory in its nature and applies to all alike.

Relator complains that it was the duty of the respondents to certify the various petitions to the respective counties wherein they had been circulated, and that Section 3513.05, Revised Code, makes it mandatory upon the respondents to do so. It is admitted that this was not done.

It is admitted further that the respondents found from the Trumbull County petitions a sufficient number of valid signatures to place relator's name on the ballot. How is relator hurt by this failure to certify?

Clearly, it is the duty of the board of the most populous county to pass upon the validity or invalidity of the petitions and declarations of candidacy. (Section 3513.05, Revised Code.)

The administrative duty to certify to the other counties is for the purpose of the determination of the validity of the signatures thereon. Else why the provision:

"All other matters affecting the validity or invalidity of such petition papers shall be determined by the Secretary of State or by the board with whom such petition papers are filed."

The respondents had not only the right, but the duty and authority conferred upon the board of the most populous county, to refuse to certify these petitions because the declaration of the candidacy of Hugo F. Bouse, Jr., was not in conformance with the requirements of law.

Section 3513.191 [3513.19.1], Revised Code, provides for the disqualification of candidates at party primaries on and after January 1, 1954, and does not violate any of the constitutional provisions with reference to retroactive legislation. It is a course of procedure whereby no person may become a party candidate at a primary election if at the next preceding primary election he registered or voted as a member of a different political party.

The conceded facts show that the relator has no such qualifications as entitle him to a place on the official Democrat ballot. The act that he seeks to have performed by the Board of Elections of Trumbull County is not enjoined upon them by law.

The relator is not entitled to a writ of mandamus unless it clearly appears that the performance of the act sought by him is one which "the law specially enjoins as a duty resulting from an office, trust, or station." (Section 2731.01, Revised Code.)

There being no duty enjoined by law upon the respondents to place the relator's name on the May fourth Democrat primary ballot, the writ is denied.

*Writ denied.*

NICHOLS and PHILLIPS, JJ., concur.