We can not say as a matter of law that the evidence is insufficient to support the verdict, and, therefore, the second assignment of error must be overruled.

In light of the aforesaid, both assignments of error are overruled and the judgment of the court below is affirmed.

*Judgment affirmed.*

PETREE, P. J., and MILLER, J., concur.

THE STATE, EX REL. MAZARIS, APPELLANT, *v.* GAYLORD ET AL., APPELLEES.

(No. 1104—Decided August 20, 1957.)

*Mr. Stuart B. Moreland* and *Mr. William J. Morrow,* for appellant.

*Mr. Bernard T. McCann,* prosecuting attorney, for appellees.

GRIFFITH, J. There is no dispute as to the facts upon which this proceeding is predicated. Relator has a voting record which shows the following:

Primary Election, May 5, 1953, voted Democrat.

Primary Election, May 4, 1954, did not vote.

Primary Election, May 3, 1955, voted Republican.

Primary Election, May 7, 1956, voted Republican.

Primary Election, May 7, 1957, voted Republican.

All the statutory requirements of the office of city solicitor have been met by him.

In the primary election of May 7, 1957, without any solicitation on his part, his name was written in on the Republican ballot for the office of solicitor of the city of Toronto and properly marked with a cross to the left thereof.

There were 539 votes cast in this Republican primary in the 9 precincts in Toronto, that being the entire city. Of this number, 290 Republican electors wrote his name in and properly marked the same. He received, by this write-in vote, over 53 per cent of the total Republican votes cast, thereby more than meeting the 15 per cent requirement of Section 3513.23, Revised Code.

No name was printed on the Republican ballot for this office. After the election, the relator, within the prescribed statutory time, filed with the board of elections an expense account and tendered the fee thereby meeting those statutory requirements.

On May 31, 1957, the board of elections denied relator a certificate of nomination for the reason that he did not qualify under Section 3513.191, Revised Code.

On June 13, 1957, relator filed in the Common Pleas Court of Jefferson County his petition for a writ of mandamus commanding the board of elections to print his name on the Novem-

ber ballot. On July 11, 1957, the court denied the relator his prayer for a writ, and it is from that final order that this appeal is before us on questions of law.

The bill of exceptions consists of an agreed statement of facts and nothing more. There is nothing in the record that the relator sought the nomination.

Section 3513.191, Revised Code, which became effective January 1, 1956, reads as follows:

"No person shall be a candidate for nomination or election at a party primary if he voted as a member of a different political party at any primary election within the next preceding four calendar years."

Section 3513.04, Revised Code, in the last paragraph, provides:

"No person who seeks party nomination for an office or position at a primary election shall be permitted to become a candidate at the following general election for any office by nominating petition or by write-in."

The relator contends (1) that he was not a candidate for nomination by filing his declaration of candidacy, but (2) that he became a nominee of the Republican Party by reason of the write-in votes which the 290 Republicans cast for him without his solicitation.

True, he filed no declaration of candidacy and did nothing to promote or encourage the 290 voters to write in his name. Did he become the nominee of the Republican Party? The statutes outline how one may become the nominee of the party through the primary system. Section 3513.04, Revised Code, outlines the manner in which candidates for party nomination shall proceed in order to become the party candidate.

These words are plain and understandable and mandatory. Relator admits that he did not have his name printed on the official primary ballot by filing a declaration of candidacy, but he says that since 290 Republicans wrote his name in, that fact made him an official nominee of the Republican Party for the office of city solicitor.

Now the only manner in which relator may become a candidate of the Republican Party for this office in the November election is: (1) by filing a declaration of candidacy under Sec-

tions 3513.04 and 3513.05, Revised Code, or (2) by obtaining a 15 per cent write-in vote under Section 3513.23, Revised Code. *State, ex rel. Anderson,* v. *Hyde,* 140 Ohio St., 339, 44 N. E. (2d), 263. There is no other way open to him.

Admittedly, he did not pursue the first method. He did obtain over 15 per cent of the write-in vote. In his petition for a writ of mandamus, he asks:

"That a writ of mandamus issue commanding the board of elections to certify him as the duly nominated candidate for the office of city solicitor on the Republican ticket and to have his name printed upon the ballot as a Republican candidate for the general election to be held on the 5th day of November, 1957."

· Relator has been affiliated with the Republican Party since the primary election held on May 3, 1955. *State, ex rel. Bouse, Jr.,* v. *Cickelli,* 97 Ohio App., 43, 120 N. E. (2d), 898. He says he was not a candidate at the recent primary, but that he became a nominee of the Republican Party by virtue of the write-in votes. This means that he was transformed from a voter affiliated with the Republican Party to a party nominee by the 290 votes he received.

May the voters at a party primary disregard the inhibition of Section 3513.191, Revised Code, which reads:

"No person shall be a candidate for nomination or election at a party primary if he voted as a member of a different political party at any primary election within the next preceding four calendar years."

This statute does not say, "No person shall be a nominee at a party primary," but "No person shall be a candidate for nomination."

Was George Mazaris a candidate for nomination at the recent primary? Section 3513.191, Revised Code, relating to qualification of candidates at a primary, and Section 3513.23, Revised Code, pertaining to write-in nominees, relate to the same subject matter and should be construed as though they had originally constituted one enactment.

We hold that "candidate," as used in Section 3513.191, Revised Code, applies to Section 3513.23, Revised Code. Does "candidate" mean, "My hat is in the ring?" Does it mean one must seek an office in order to become a candidate? We hardly think so.

The word, "candidate," as used in this section embraces not alone one who seeks office, but it includes one who is chosen by others as a contestant for office.  A definition of "candidate," is found in the case of *In the Matter of Burns* v. *Wiltse*, 200 Misc., 355, 108 N. Y. Supp. (2d), 62:

"Primarily it [the term 'candidate'] means one who seeks an office or honor; the secondary meaning is one who is selected by others as a contestant for office."

Under the circumstances, the relator is ineligible to be nominated either by declaration of candidacy or by write-in for the office of city solicitor of Toronto on either party ticket.

We hold, therefore, that since the relator, George Mazaris, was affiliated with the Democrat Party until the primary election of May 3, 1955, he was disqualified to be nominated as a party candidate of the Republican Party for the office of city solicitor of Toronto at the general election to be held on November 5, 1957.

We find no error in this case prejudicial to the rights of the relator.  The judgment is, therefore, affirmed.

*Judgment affirmed.*

NICHOLS, P. J., and PHILLIPS, J., concur.