James T. MICHEL, Appellant,

v.

The ÆTNA CASUALTY AND SURETY COMPANY, and The Automobile Insurance Company, Appellees.

No. 5708.

United States Court of Appeals Tenth Circuit.

Jan. 29, 1958.

Rehearing Denied March 7, 1958.

Floyd L. Walker, Tulsa, Okl. (Kenneth L. Stainer, Tulsa, Okl., was with him on the brief), for appellant.

William S. Hall, Tulsa, Okl. (W. E. Green, Raymond G. Feldman, and George A. Farrar, Tulsa, Okl., were with him on the brief), for appellees.

Before MURRAH, LEWIS, and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant Michel, plaintiff below and hereinafter so referred to, brought this declaratory judgment action claiming that at the time of an accident his 1955 Pontiac station wagon was insured under the automatic coverage provision of a policy issued to him by the appellees, hereinafter jointly referred to as Aetna. The case was submitted on a stipulation of facts. The trial court held that there was no coverage.

Prior to October 3, 1956, plaintiff owned three automobiles. One was a 1955 Chrysler Imperial insured by Aetna under a policy having liability limits of $50,000–$100,000. The second was a Pontiac Catalina insured by Great American Insurance Company, hereinafter referred to as Great American, under a policy having liability limits of $5,000–$10,000. The third was a 1952 Dodge pick-up truck which was not insured.

On October 3, 1956, the plaintiff traded the Dodge and the Pontiac Catalina to the Carl Lea Motor Company of Broken Arrow, Oklahoma, for a Pontiac station wagon. This was a "mutual, simultaneous transaction" by which the motor company acquired the Dodge and the Pontiac Catalina and the plaintiff acquired the Pontiac station wagon. On the same day, but after the consummation of the trade, the Pontiac station wagon was delivered to the plaintiff. At the time of such delivery the only other automobile owned by the plaintiff was the Chrysler. On October 4, 1956, the Pontiac station wagon, while being driven by plaintiff's wife, was involved in an accident.

The policy issued by Aetna on the Chrysler and the policy issued by Great American on the Catalina contained identical provisions relating to the automatic coverage of newly acquired automobiles. Each stated that as used in the policy, the term "automobile" means:

"(4) Newly Acquired Automobile —an automobile, ownership of which is acquired by the named Insured or his spouse if a resident of the same household, if (a) it replaces an automobile owned by either and covered by this policy, or the Company insures all automobiles owned by the named Insured and such spouse on the date of its delivery, and (b) the named Insured or such spouse notifies the Company within thirty days following such delivery date; * * * ."

No question relating to the notice to the company is raised here. Great American has conceded that the station wagon became automatically covered by its policy. This is obviously correct because the station wagon replaced the Catalina which was originally covered by the Great American policy.

■ The quoted provision is for the benefit of the insured and has for its purpose automatic coverage in respect to the operation or maintenance of an automobile acquired as a replacement for the automobile originally covered[1] or acquired as an additional automobile when the company insures all the automobiles of the individual.[2]

■ The automatic coverage provision becomes effective at the time of the delivery of the newly acquired automobile.[3] This is true as to both the Great American and Aetna policies. The word "date" as used in the phrase "the date of its delivery" refers to the particular point of time at which the transaction occurred rather than the calendar day on which it occurred.[4]

■ On October 3, 1956, the plaintiff had two insurance policies, one in Aetna covering the Chrysler and one in Great American covering the Catalina. On that day he divested himself of ownership of the Catalina and simultaneously acquired ownership of the station wagon. He retained ownership of the Chrysler. The Great American policy on the Catalina, under the replacement portion of its newly acquired automobile provision, was, at the time of the simultaneous transaction of exchange, extended to cover the station wagon but did not become effective for that purpose until delivery of the station wagon. This deferment of the effectiveness of the policy did not nullify the existence of the insurance. It merely postponed the time when it became operative. The conclusion necessarily follows that at the "date" or time of delivery of the newly acquired automobile, Aetna did not insure all automobiles owned by the plaintiff. Hence, Aetna is not liable under the newly acquired automobile provision of its policy.

We express no opinion as to what the situation might have been if there had been a lapse of time between the divestiture of ownership of the originally insured automobile and the acquisition of the replacement.

The judgment is affirmed.

1. Western Casualty & Surety Co. v. Lund, 10 Cir., 234 F.2d 916, 919.

2. Horace Mann Mutual Casualty Co. v. Bell, D.C., 134 F.Supp. 307, 310–312; Birch v. Harbor Ins. Co., 126 Cal.App. 2d 714, 272 P.2d 784, 786; Dunmire Motor Co. v. Oregon Mutual Fire Ins. Co., 166 Or. 690, 114 P.2d 1005, 1008.

3. Maryland Casualty Co. v. Toney, 178 Va. 196, 16 S.E.2d 340, 343; Blixt v. Home Mut. Ins. Co., 145 Neb. 717, 18 N.W.2d 78, 80. Cf. Western Casualty & Surety Co. v. Lund, supra [234 F.2d 919], wherein this court said that "the automatic coverage becomes effective immediately upon the replacement."

4. Kleinschmidt v. Hoctor, 361 Mo. 29, 233 S.W.2d 649, 654; Waggener v. McCanless, 183 Tenn. 258, 191 S.W.2d 551, 553, 162 A.L.R. 1402; In re Muldoon, Sup., 123 N.Y.S.2d 711, 712; In re Irvine's Estate, 114 Mont. 577, 139 P.2d 489, 490–491, 147 A.L.R. 882. The Oklahoma statute, O.S.1951, Title 25, Section 23, providing that fractions of a day are to be disregarded in computations which include more than one day, is obviously not applicable.