**In re Thomas C. WARREN, Debtor.**

**No. 4:05 BK 40022.**

United States Bankruptcy Court, E.D. Arkansas, Western Division.

March 20, 2006.

---

Jean M. Madden, Madden Law Firm, Little Rock, AR, for Debtor.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On this date, the Court considers the motion to dismiss filed by the Chapter 13 Standing Trustee on November 1, 2005, the motion to enlarge time to file a credit counseling certificate and statement of current monthly income filed by the Debtor on November 11, 2005, and the motion to extend the automatic stay filed by the Debtor on November 4, 2005. The Trustee has no objection to the motion to extend the automatic stay or the motion to extend the time to submit the current monthly income. The issues at bar are whether the Debtor's case should be dismissed because he obtained credit counseling on the day of, but prior to, filing his voluntary petition, and whether dismissal is appropriate because the Debtor filed his certificate of credit counseling after filing his bankruptcy petition.

## PROCEDURAL HISTORY

On October 27, 2005, at 3:04 p.m., Thomas C. Warren ("Debtor") filed a voluntary petition for relief under the provisions of Chapter 13 of the United States Bankruptcy Code. The date of filing, of course, fell ten days after the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109–8, 119 Stat. 23 ("BAPCPA"). On Oc-

tober 30, 2005, the Court entered an Order regarding deficiencies in the petition. The Order gave the Debtor fifteen days from the filing date of the voluntary petition to file various documents, including a certificate of credit counseling. The fifteen days concluded on November 11, 2005.

On November 1, 2005, the Chapter 13 Trustee moved to dismiss, alleging a violation of 11 U.S.C. 109(h)(1)[1] because of the Debtor's failure to obtain credit counseling during the preceding 180–day period before the case was filed. The Debtor responded to the motion to dismiss on November 3, 2005. On November 11, 2005, the Debtor filed a motion to extend the time in which to file the credit counseling certificate. A certificate of credit counseling was filed on November 16, 2005.[2] On November 18, 2005, a hearing was held on the outstanding motions. At the conclusion of the hearing, the Court took the matter under advisement, and both parties have submitted briefs.

This Court has jurisdiction in accordance with 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and the Court has jurisdiction to enter a final order in this case.

### FACTS

The Debtor offered testimony at trial, and the Trustee does not dispute the facts established by the testimony. The Debtor appeared at counsel's office on October 27, 2005, and was assisted by Pam Shellnut, a legal secretary, who "set up" the Debtor with a credit counseling service called Credit Counseling Centers of America ("CCC"). (Tr. at 9, 11.) The counseling service was free, but a fee of $30.00 was charged to obtain the credit counseling certificate. (Tr. at 9.)

Ms. Shellnut testified that while the Debtor completed credit counseling over the internet, she obtained the exact amount for the certificate from the Debtor and purchased a pre-paid MasterCard to use to pay for the certificate. (Tr. at 9–10.) She returned to the office and called a toll-free number regarding instructions for payment for the certificate. (Tr. at 10.) The card was unsuccessfully used twice in attempts to pay for the certificate, and each time the card was rejected it lost a dollar in value until only $28.00 in value remained. (Tr. at 10.)

Thereafter, the decision was made to send a postal money order for $30.00 to the credit counseling company, which is located in Las Vegas, Nevada. (Tr. at 9–11.) The money order was lost in the mail or in the credit counseling office until November 15, 2005, when payment was confirmed. (Tr. at 11, 18–19.) When the Debtor received a copy of the certificate, it was dated November 15, 2005, which was the date payment was confirmed. (Debtor's Ex. 2.) The certificate was filed with the clerk's office on November 16, 2005. A facsimile was introduced at the trial showing that the credit counseling session occurred on October 27, 2005, at 11:16 a.m. (Tr. at 12.) The Court's records reflect that the case was filed on October 27, 2005 at 3:04 p.m.

The Debtor testified that the credit counseling lasted nearly four hours. (Tr.

---

**1.** All further statutory citations will be to the text of the Code as amended by BAPCPA.

**2.** The Debtor's original credit counseling certificate lists the date the counseling occurred as November 15, 2005. Two amended credit counseling certificates were filed by the Debt-

or after the hearing date. The first amended certificate, filed on November 22, 2005, lists October 27, 2005, as the date counseling occurred. The second amended certificate, filed on December 5, 2005, lists the October 27 date as well as the exact time of 11:16 am.

at 18.) The Debtor stated that it was urgent for the case to be filed because a previous case had been dismissed and he was afraid he was going to lose his remaining vehicle and, therefore, his ability to commute to work. (Tr. at 20–21.)

## ARGUMENT

The Trustee argues that because the Debtor did not comply with all the requirements of 11 U.S.C. §§ 109(h)(1) and 521(b)(1) and Interim Federal Rule of Bankruptcy Procedure 1007( c), the case should be dismissed. The Trustee argues that Interim Federal Rule of Bankruptcy Procedure 1007(b)(3) and (c) require that the prepetition briefing certificate must be filed with the petition in voluntary individual cases. The Trustee also contends that a literal reading of 11 U.S.C. § 109(h)(1) requires the Debtor to receive credit counseling prior to the date the petition was filed. The Trustee interprets that language to mean the credit counseling must be completed between the day the petition is filed and 180 days prior to the day of the petition filing, or at a minimum, the day before the Debtor filed his petition in bankruptcy.

The Debtor argues that the case should not be dismissed because the credit counseling was obtained prepetition and because he filed the certificate prior to the deadline set by 11 U.S.C. § 521(i)(1), which is 45 days from the filing date of the petition.[3] The Debtor does not address the effect of section 109(h)(1) as it relates to the Trustee's second argument.

## DISCUSSION

With regard to credit counseling, section 109 of the Bankruptcy Code now contains the following eligibility requirement:

3. The forty-five day deadline set out in 11 U.S.C. § 521(i)(1) applies to documentation required to be filed under subsection (a)(1).

(h)(1) Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, during the 180–day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. § 109(h)(1) (West, Westlaw through 2005).

The Code further provides in relevant part the following filing requirement:

(b) In addition to the requirements of subsection (a), a debtor who is an individual shall file with the court—

(1) a certificate from the approved nonprofit budget and credit counseling agency that provided the debtor services under section 109(h) describing the services provided to the debtor; ....

11 U.S.C. § 521(b)(1) (West, Westlaw through 2005).

Interim Federal Rule of Bankruptcy Procedure 1007(b)(3) implements the Bankruptcy Code provisions with regard to credit counseling and instructs that "an individual debtor must file the certificate ... required by § 521(b)...." Interim Federal Rule of Bankruptcy 1007(c) further directs that "[t]he documents required by subdivision (b)(3) shall be filed with the petition in a voluntary case."

The certificate of credit counseling is listed under subsection (b)(1).

Neither § 109(h)(1), § 521(b)(1), nor the rules specify what sanctions must be imposed if the certificate is not timely filed.

The Court accepts the testimony by the Debtor that the credit counseling occurred on the day and prior to the exact time the petition was filed. The certificate was not filed in accordance with Rule 1007, but by court order the Court granted the Debtor an extension until November 11, 2005, to file the certificate and cure other deficiencies. On November 11, 2005, the Debtor filed a motion to extend the time to file the certificate, and the original certificate was subsequently filed on November 16, 2005. The motion to extend the original extension was heard with the other motions on November 18, 2005, and taken under advisement.

■ The Code does not provide for mandatory dismissal of a case under these circumstances; therefore, the failure of the Debtor to file a certificate at the time he filed his voluntary petition is not automatically fatal to his case. *See* 11 U.S.C. § 707(a) (2000) ("The court *may* dismiss a case under this chapter only after notice and a hearing and only for cause ..."). The Debtor did obtain the necessary credit counseling prior to filing the petition, did receive a court-ordered extension of time to cure the deficiencies in his petition, and did request a further extension of time from the Court before the expiration of the original extension period.

■ Furthermore, the absence of a credit counseling certificate, like the absence of a debtor's signature on a pleading, is a matter of form not substance. Federal Rule of Bankruptcy Procedure 5005 states, in relevant part: "The clerk shall not refuse to accept for filing any petition or other paper presented for the purpose of filing solely because it is not presented in proper form as required by these rules or any local rules or practices." Fed. R.

Bankr.P. 5005(a)(1). The Advisory Committee Notes to the 1993 Amendments to Rule 5005 declares:

> Subdivision (a) is amended to conform to the 1991 amendment to Rule 5(e) F.R.Civ.P. It is not a suitable role for the office of the clerk to refuse to accept for filing papers not conforming to requirements of form imposed by these rules or by local rules or practices. The enforcement of these rules and local rules is a role for a judge.

Therefore, the Court grants the debtor's motion to enlarge the time to file the credit counseling certificate.

■ The Trustee's second argument is that the Debtor was required to complete credit counseling at least one day prior to the day the petition was filed. The Trustee emphasizes the statutory language of the Bankruptcy Code stating that an individual may not be a debtor unless he has, "during a 180-day period *preceding the date of the filing* of the petition, ... received ... from an approved ... credit counseling agency ... an individual or group briefing ..." 11 U.S.C. § 109(h)(1) (emphasis added).

The Trustee interprets the word "date" to refer to a particular calendar day, and indeed, in many applications of the law, this is the proper interpretation. *See* Black's Law Dictionary 395 (6th ed.1990) (defining "date" as "The specification or mention, in a written instrument, of the time (day, month and year) when it was made (executed). Also the time so specified.").

However, in some instances, as the Black's definition implies, "date" refers not only to a specific calendar day but also to a specific time on that day. Common English usage of the term "date," when used in reference to time, encompasses the concepts of a specific calendar day or a calen-

dar day with a specific time limitation, as in an appointment or engagement. *Webster's Third New International Dictionary* (unabridged) 576 (Merriam–Webster 1986).

In various types of legal contexts, courts have recognized the dual meaning of the word "date" as it relates to time. *See Kleinschmidt v. Hoctor,* 361 Mo. 29, 35, 233 S.W.2d 649, 654 (1950) (stating that the words "day" and "date" are not synonymous and that the word "date" may refer to the time of a transaction or event rather than the calendar day on which it occurs) (citing *In re Irvine's Estate,* 114 Mont. 577, 584, 139 P.2d 489, 492, (1943); *Waggener v. McCanless,* 183 Tenn. 258, 263, 191 S.W.2d 551, 553(3) (1946)).

Whether the word "date" denotes a time of day limitation "depends on the type and purpose of the source on which the term appears." *Anderson v. State Personnel Bd.,* 103 Cal.App.3d 242, 248, 162 Cal.Rptr. 865 (1980) (citing as examples *Mutual Life Ins. Co. v. Hurni Co.,* 263 U.S. 167, 44 S.Ct. 90, 68 L.Ed. 235 (1923); *Conner v. Motors Ins. Corp.,* 216 So.2d 555, 557 (La. Ct.App.1968)). The court in *Anderson* opined that the rule interpreting "date" to include a specific time limitation "properly applies only to those cases ... in which impairment of property or other interests would occur if absolute adherence to the time specification was not achieved." *Anderson,* 103 Cal.App.3d at 248, 162 Cal. Rptr. 865.

In the instant case, the Court interprets the words "date of filing" as used in section 109(h)(1) to mean the specific day, month, year, and time of day the petition was filed. In bankruptcy, the exact time of filing is a critical bright line in determining property rights of debtors and creditors. At the moment a petition for relief is filed, the automatic stay goes into effect, affording the debtor an extra measure of protection from the legal maneuvers of his creditors. On October 27, 2005, at 3:03 p.m., the debtor was subject to impairment of his property interests; at 3:04 p.m., the moment of filing, he received the relief from his creditors afforded him by the automatic stay and other provisions of the Bankruptcy Code.

The evidence is that the Debtor's credit counseling occurred at 11:16 a.m. on October 27, 2005, approximately four hours preceding the time of filing at 3:04 p.m. Thus, the Debtor has complied with the requirement in section 109(h)(1) that he must receive credit counseling during the 180–day period preceding the date of the filing of the petition.

Support for the Court's construction of the statute is found in the legislative history of BAPCPA. The House Report discussing this section of the Act summarizes this section to mean that an individual debtor must "receive credit counseling within the 180–day period preceding the filing of the bankruptcy case." H.R.Rep. No. 109–31, at 54 (2005), U.S.Code Cong. & Admin.News 2005, pp. 88, 124–25. Nothing in the legislative history suggests that Congress contemplated at least a one-day waiting period after completion of credit counseling, and no case law exists to support the Trustee's interpretation of the statute. The most recent case decided by the Bankruptcy Appellate Panel for the Eighth Circuit Court of Appeals regarding credit counseling states that "[i]t is the clear expectation that all individual debtors receive such a briefing *prior* to filing." *In re Dixon,* 338 B.R. 383, 386–87 (8th Cir. BAP 2006).

For these reasons, the Trustee's motion to dismiss is overruled; the motion to enlarge the time to file a credit counseling certificate and a statement of current monthly income is granted; and the mo-

tion to extend the automatic stay is granted by agreement.

IT IS SO ORDERED.