In re Garrison C. HUDSON, Debtor.

First Shore Federal Savings and
Loan Association, Movant,

v.

Garrison C. Hudson, Respondent.

No. 06–12949–DK.

United States Bankruptcy Court,
D. Maryland,
at Baltimore.

Sept. 14, 2006.

Antonio Aquia, Baltimore, MD, for Debtor.

## MEMORANDUM OPINION OF DECISION FINDING DEBTOR ELIGIBLE TO FILE BANKRUPTCY PETITION UNDER SECTION 109(h)(1) AND ORDER

E. STEPHEN DERBY, Bankruptcy Judge.

This matter is before the court on the Motion to Modify Stay to Nunc Pro Tunc Re Foreclosure of Deed of Trust on 413 Hammond Street or Alternatively to Declare the Stay Inapplicable filed by First Shore Federal Savings and Loan Association ("First Shore Federal"). The property at 413 Hammond Street is owned by the Debtor in this Chapter 13 case, Garrison C. Hudson, and it is Mr. Hudson's residence. First Shore Federal has raised as a preliminary matter whether Mr. Hudson is an eligible debtor in this case under 11 U.S.C. sec. 109(h)(1) of BAPCPA, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

First Shore Federal and Mr. Hudson have stipulated that on the day the petition commencing this case was filed, prior to filing his petition, the Debtor received credit counseling from a certified credit counselor. Dkt. No. 21. The certificate of credit counseling was filed with the petition. The parties further stipulated that without knowledge or notice that Debtor had filed a bankruptcy petition, First Shore Federal conducted a foreclosure sale post-petition; and Debtor's property was sold to the highest bidder. Finally, it was stipulated that Debtor attempted to make post-petition payments, but First Shore Federal refused them because of the relief it was seeking. *Id.*

The significance of this preliminary issue is that it impacts the type of relief that may be available to First Shore Federal in this case on its motion. Mr. Hudson's Chapter 13 petition operated as an automatic stay of all actions against property of the Debtor and of the bankruptcy estate. 11 U.S.C. sec. 362(a). Since the foreclosure sale was conducted post-petition without relief from the automatic stay having been obtained, the foreclosure sale was void. *In re Brown,* 342 B.R. 248 (Bankr.D.Md.2006). If Mr. Hudson was eligible to file this case when he did, First Shore Federal would most likely have to seek relief from the automatic stay to conduct a new foreclosure sale, and the Debtor would have his defense of adequate protection based on his willingness to make post-petition payments on the debt. However, if the Debtor was not eligible to file this bankruptcy case, appropriate relief might be in nunc pro tunc form, so that the actions of the creditor in conducting the foreclosure sale without knowledge of Debtor's bankruptcy petition would not be treated as in defiance of the automatic stay. The sale could be allowed to stand. In 11 U.S.C. § 362(d), there is a provision that allows the court in granting relief as to the automatic stay to annul the stay.

First Shore Federal has questioned the Debtors eligibility under 11 U.S.C. § 109(h)(1) to file this case. Section 109(h)(1) provides in relevant portion that "an individual may not be a debtor under this title unless such individual has, during the 180–day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency ... an individual or group briefing (including a

briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis."

The key phrase for determining when the debtor must receive credit counseling in order to be eligible is: "during the 180–day period preceding the date of the filing of the petition." (Emphasis supplied). Is the language clear as the creditor maintains that the requirement should be read to mean the 180–day period proceeding the *day* of filing, because "day" and "date" are synonymous? Or, should the phrase be read as the 180–day period preceding the filing, as the Debtor contends, which simply ignores the words, "the date of"?

■ The court can not ignore the word "date" and treat it as superfluous, because it is a presumption of statutory construction that Congress intended every word to have independent meaning. The question is, what meaning does the word "date" have in this section? Why did Congress use the word "date" instead of the word "day"? Does the section mean by the use of the word "date" that the credit counseling must occur on the "day" before the Debtor files a petition? Is there some significance that the word "date" rather than the word "day" was used to define the requirement in the phrase "during the 180–day period preceding the date of the filing of the petition"?

In common language, the words "day" and "date" can sometimes mean the same thing, but at other times they do not mean precisely the same thing. In certain contexts the word "date" can encompass the concept of a moment in time.

■ Because the meaning of a term used in the Bankruptcy Code is at issue here, the court should consider how the term is used elsewhere in the Code. The term "date" is used in 11 U.S.C. § 348(f)(1)(A). This section, which deals with the effect of a conversion, provides that when a case under Chapter 13 is converted to a case under another chapter, property of the estate in the converted case shall consist of property of the estate "as of the date of filing of the petition." (Emphasis supplied). When this section says "as of the date of filing of the petition", it means as of the moment of the filing of the petition. It identifies a moment in time. It does not say "any time within twenty-four hours" of the filing of the petition some of the property is property of the estate and some may not be. Such a result would provide uncertainty. A bright line is required to define what is and what is not property of the estate, and that bright line is a moment in time, namely, the filing of the petition. In this context, the term "date" conveys an exact moment in time. Section 348(f)(1)(A) continues: "that [referring to property of the estate] remains in the possession of or is under the control of the debtor on *the date of* conversion." (Emphasis supplied). Again, the phrase "the date of" means at the moment of conversion. It does not mean earlier in the day or later in the day after the conversion. It means as of that moment, because exact certainty is required to define the rights of parties.

■ The interplay between 11 U.S.C. § 547 and § 549 further supports the court's view of the bright line use of the term "date" within the Bankruptcy Code. Section 547(b)(4)(A) authorizes the trustee to recover transfers made "on or within 90 days before the date of the filing of the petition." Conversely section 549(a)(1) authorizes the trustee to avoid a transfer "that occurs after the commencement of the case." The failure to observe a bright line rule to identify avoidable transfers under Section 547 would permit a gap to

arise between midnight and the actual time the petition was filed. Thus, preferential transfers made during the morning preceding an afternoon petition filing would escape the trustee's grasp. Absent compelling reasons to the contrary, it should be presumed that Congress intended the term "date" to have the same meaning in one section of the Bankruptcy Code as another. In the context of the Bankruptcy Code, the term "date" appears to identify a moment in time, rather than a span of time.

The word "day" has at least four different, commonly used, dictionary definitions that reasonably might be relevant here: (1) the period of light between dawn and nightfall; (2) a 24 hour period during which the earth completes a full rotation on its axis; (3) one of the numbered 24 hour periods into which a week, month and year are divided; and (4) the part of a calendar day that is set aside for work. Webster's II, New Riverside University Dictionary (1984). If the term "date" is to be read as synonymous with the term "day", it would be necessary to pick which definition of day applies, a prospect which itself introduces additional uncertainty.

First Shore Federal, in arguing here that "preceding the date of filing" means the same as "preceding the day of filing", implicitly adopts a definition of day as one of the fixed 24 hour periods into which a week, month and year are divided measured from midnight before the petition is filed to midnight after the petition is filed. However, under the Bankruptcy Code references to the date of a petition tend of necessity to be far more precise in time, because there is great significance to the status of property, events and actions whether they are pre-petition or post-petition.

The court concludes that the word "date" conveys more than the word "day."

At least the word "date" is a little more flexible in context. The meaning of "date" is commonly day, month and year, absent other circumstances. Even in Black's Law Dictionary, where this common definition is set out, the definition is followed by the statement: "Also the time so specified." Black's Law Dictionary, (5th ed.1979). An example of "the time so specified" would be a time specified in a contract, such as "the date of performance shall be before 4pm."

In a sense, the contract here is the Bankruptcy Code, and the specification is in Section 109(h)(1). Because the term "date" can incorporate the concept of time, there is ambiguity in use of the term that leads the court to look beyond the precise words of the statute to see if there is something in legislative history that would suggest how Congress intended the term to be understood. The Debtor has argued that the legislative history supports his position. However, it is not dispositive, because it leaves out a discussion of the word "date." It says that a person must have credit counseling before he or she can file a bankruptcy case, without saying that the counseling may be the same day or must be the day before the petition may be filed.

This legislative history supports the Debtor's argument to some extent; but it is not conclusive. The House Report states that "[s]ection 106(a) of the Act amends section 109 of the Bankruptcy Code to require an individual-as a condition of eligibility for bankruptcy relief-to receive credit counseling within the 180–day period preceding the filing of a bankruptcy case by such individual." H.R.Rep. No. 31(I), 109th Cong., 1 st Sess.2005, p. 54, U.S.Code Cong. & Admin.News 2005, pp. 88, 124–25.

The Debtor argues in his Memorandum in Opposition that since Congress left the

phrase "at least one day prior to the date of filing the petition" out of the record and comments on section 109(h), it was not the intent of Congress to require a 24–hour waiting period. The Debtor concludes that Congress simply intended that a debtor receive credit counseling before filing a bankruptcy petition. However, the House Report simply does not say as much, nor does it deny such on any interpretation. It leaves the door open. The court must thus turn to other sources for the meaning of Section 109(h).

From definitions in various dictionaries, it appears that "date" usually means day, month and year, but there are exceptions which state that in certain contexts the word "date" incorporates the concept of time. Here, the concept of time is the provision of a bright line, which is the moment of the filing of the petition.

In *In re Mills,* Judge S. Martin Teel, Jr. of the U.S. Bankruptcy Court for the District of Columbia focused his opinion interpreting Section 109(h)(1) on the issue of whether the date of the filing of the petition should be included within the 180–day period. He states that "section 109(h) does not simply require that the debtor obtain credit counseling before she files her bankruptcy petition. Instead, it specifies that credit counseling must be obtained prior to 'the date of the filing of the petition.'" *In re Mills,* 341 B.R. 106, 108 (Bankr.D.D.C.2006). The court in Mills continues, "[i]t is settled that when a statute requires an act to be done within a specified number of days prior to a fixed date, the last day, namely, the fixed date, is to be excluded ... in making the calculation." *In re Mills,* 341 B.R. 106, 108, citing *State v. Zaller,* 142 Ohio St. 186, 187, 50 N.E.2d 991 (1943). "Accordingly, the latest that the debtor [can] ... obtain credit counseling ... [is] the date prior to her petition date." *In re Mills,* 341 B.R.

at 108. Judge Teel restated his conclusions in *In re Murphy,* 342 B.R. 671 (Bankr.D.D.C.2006).

In a very recent case decided on July 31, 2006, the Court in the Eastern District of Tennessee follows the reasoning of Judge Teel. *In re Cole,* 347 B.R. 70 (Bankr. E.D.Tenn.2006). The court in Cole considered Bankruptcy Code sections which use the phrase "on and within the 90–days before the date of the filing of the petition" in conjunction with Bankruptcy Rule 9006(a) to arrive at its holding. The "court finds that § 109(h)(1)'s '180–day period preceding the date of filing of the petition' does not include the date upon which a debtor's bankruptcy petition is filed." *In re Cole,* 347 B.R. 70, 76–77 (Bankr. E.D.Tenn.2006) The court focused on the definition of each word as found in common practice, but it did not address specifically the meaning and use of the word "date" within the Bankruptcy Code.

*Mills* and *Cole* rest upon an interpretation of the phrase "during the 180–day period preceding the date of filing the petition" which focuses on whether the date of filing should be included in the 180–day period. This court, however, respectfully concludes that the proper focus is on the meaning of the term "date" in relation to the filing of the petition, because Section 109(h)(1) sets a deadline for credit counseling that must be accomplished *for* a debtor to be eligible to file a petition. It is not measuring the period of time that is at issue here; rather, it is the deadline by which credit counseling must be accomplished.

In *In re Warren,* the court inquired into the meaning of the phrase "date of filing." *In re Warren,* 339 B.R. 475 (Bankr. E.D.Ark.2006). The court considered the ways that "date" is defined in common language and the way "date" is discussed in case law. Citing Black's Law Dictio-

nary, the court recognized that "date" does refer to a calendar day; "[h]owever, in some instances, as the Black's definition implies, 'date' refers not only to a specific calendar day but also to a specific time on that day." *In re Warren,* 339 B.R. 475, 479 (Bankr.E.D.Ark.2006). The court applied this concept in the bankruptcy context, explaining,

> the Court interprets the words "date of filing" as used in section 109(h)(1) to mean the specific day, month, year and time of day the petition was filed. In Bankruptcy, the exact time of filing is a critical bright line in determining property rights of debtors and creditors. At the moment a petition for relief is filed, the automatic stay goes into effect, affording the debtor an extra measure of protection from legal maneuvers of his creditors. On October 27, 2005, at 3:03pm., the debtor in this case was subject to impairment of his property interests; at 3:04pm., the moment of filing, he received the relief from his creditors afforded him by the automatic stay and other provision of the Bankruptcy Code.

*In re Warren,* 339 B.R. 475, 480–481 (Bankr.E.D.Ark.2006).

This court finds that the result in the *Warren* case is more persuasive, for the reasons that this court has articulated not limited to the logic of that opinion. In *Warren* the court recognized that there is a difference between the word "day" and the word "date", and this court agrees that the word "date" can encompass the concept of a time whereas the word "day" would not. Putting that in the bankruptcy context, the court concludes that a moment in time is incorporated into the term date when it refers to the filing of a petition to provide certainty and a bright line. It does not advance the design of the Bankruptcy Code to adopt a more imprecise

definition of "date" as including the notion of the day as it is used in Section 109(h)(1).

It is argued by First Shore Federal that Congress intended to require a debtor to receive credit counseling at least by the day before the debtor became eligible to allow a person to sleep on his or her decision to file a bankruptcy petition. This waiting period would allow for reflection and would emphasize the seriousness of the debtor's decision to file for bankruptcy relief. There is no legislative history to support this argument. Further, in the world of electronic filing, this logic for achieving the stated objective really does not hold up. Bankruptcy petitions may now be filed electronically 24 hours each day, seven days each week. Credit counseling may be obtained on-line. There simply is no filing delay that can be enforced fairly.

As the United States Trustee for the District of Maryland highlighted in its Limited Opposition to the Motion of First Shore Federal Savings and Loan, the court's view in *Warren* is supported by the paradox that would exist if the conclusion reached in *Mills* and *Cole* were adopted. The paradox would be that a debtor who failed to obtain credit counseling prior to filing, but alleged inability and requested a waiver, could maintain his or her case, but a debtor who obtained such counseling the day of but prior to filing his or her petition would be ineligible and could not maintain his or her case. In other words, the debtor who expended the effort to obtain credit counseling prior to filing his or her petition, but on the same day, would be penalized; while the debtor who failed to obtain any credit counseling before filing would be rewarded, at least temporarily.

A debtor under section 109(h)(3) may obtain an extension for filing the certificate of credit counseling by showing exigent circumstances. If an exigent debtor may

obtain relief under the Bankruptcy Code without first obtaining a certificate of credit counseling, it does not appear logically consistent that a conscientious debtor who accomplishes everything before he or she files should be delayed until 12:01 am on the next day.

For these reasons, the court does not find persuasive arguments that credit counseling must be accomplished by the day before the filing of a petition. The better result is to use as a bright line the moment of filing, as is done elsewhere in the Bankruptcy Code. The word "date" in the bankruptcy context encompasses the concept of a moment in time.

The facts in the case before the court indicate that the Debtor received credit counseling from a certified credit counselor on the day of filing for relief under the Bankruptcy Code, and the Debtor received this counseling before the actual date of filing the petition. The court finds based on the above reasoning that the Debtor was eligible to seek relief and protection under Chapter 13 of the Bankruptcy Code. Consequently, the motion for preliminary relief will be denied.

Therefore, it is by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that the Debtor is an eligible debtor under 11 U.S.C. § 109(h)(1); and it is further

ORDERED, that the motion of First Shore Federal to declare the stay inapplicable because the Debtor is ineligible under 11 U.S.C. § 109(h)(1) is DENIED.