## WELCHANCE *v.* STATE.

*(Nashville,* December Term, 1937.)

Opinion filed April 2, 1938.

C. L. CUMMINGS, of Murfreesboro, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, for the State.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Plaintiff in error has appealed to this court from a conviction for possessing liquor, the jury imposing a fine of $150, to which the trial court added a workhouse sentence of four months.

Two officers, upon searching the dwelling of plaintiff in error, found seventy-six half-gallon jars of whisky. The testimony of these officers was excepted to upon the ground that the evidence was obtained by an unlawful search and seizure. It is insisted that the affidavit upon which the search warrant was issued failed to state facts that would constitute probable cause for the issuance of the warrant. We quote from the affidavit of Officer Warkman the following:

"This affidavit is made up of information which affiant verily believes to be true as follows:

"The affiant was informed by a reliable person that the informer was on the premises and saw a quantity of whisky delivered and put in the above described building and drank some of the whisky and that there was a quantity of whisky left in the above described building on the premises."

It will be noted that affiant does not disclose the date on which he received the information, nor the date when his informant visited the dwelling of plaintiff in error and drank some whisky. So far as appears from the affidavit, the visit referred to may have taken place more than a year prior to the time that it was made. Officer Warkman also testified that the affidavit was based solely upon the knowledge he acquired from his informant. While it is alleged in the affidavit that plaintiff in error

"is now in unlawful possession and control of a quantity of intoxicating liquor," it clearly appears that this statement is a mere conclusion of the affiant and is not averred as a fact based upon personal knowledge. We are not considering a situation, therefore, where the affidavit is based upon the personal knowledge of affiant, as was the case in *Commonwealth* v. *Thomas,* 225 Ky., 603, 9 S. W. (2d), 719.

In a case such as the one on trial, it is essential that the date on which the alleged offense was committed be stated in the affidavit in order that the magistrate may determine whether probable cause exists for the issuance of the warrant. By way of illustration, we quote from several cases bearing upon the question. In *Neal* v. *Commonwealth,* 218 Ky., 718, 292 S. W., 314, it is said:

"It is certainly true that the 'probable cause' of the section, supra, of our Constitution, as defined and applied by this court, must relate to the time when the search warrant is issued. It follows necessarily that, to be sufficient, the affidavit must state facts sufficient to create 'probable cause' in the mind of the magistrate for believing that the person, directed to be searched, then possesses or then has on his premises, or in his house, directed to be searched, the forbidden article or articles. The facts stated must so relate to the time when the search warrant is issued that probable cause for believing that the person sought to be searched then possesses the forbidden articles, or that they are then in the premises sought to be searched, is thereby created in the mind of the officer issuing the warrant."

Says the Supreme Court of Michigan in *People* v. *Chippewa Circuit Judge,* 226 Mich., 326, 328, 197 N. W., 539:

"The right to issue a search warrant rests upon facts existing at the time the showing is made for the warrant. This is made clear by the Constitution and every statutory provision with reference to search warrants. If Mr. Burdeno, in his dwelling, sold Mr. Forsyth a pint of whisky on April 15, 1923, he may be prosecuted for doing so, but such sale alone afforded no ground for a finding of reasonable cause to believe that on June 21, 1923, whisky 'is being kept, possessed, and stored (in such dwelling) for the purpose of being sold, furnished, or given away as a beverage.' "

The Supreme Court of Illinois, in *People* v. *Holton,* 326 Ill., 481, 158 N. E., 134, 137, made this statement:

"The search warrant, it is asserted, was void because the complaint failed to show probable cause for its issuance, since it stated that Miller bought liquor from plaintiff in error on December 14, 1925, and the complaint was not verified until ten days later. No hard and fast rule concerning the time within which the complaint should be made can be established, except that it should not be too remote. *People* v. *Mushlock,* 226 Mich., 600, 198 N. W., 203; *People* v. *Chippewa Circuit Judge,* 226 Mich., 326, 197 N. W., 539. It was unnecessary to state in the complaint the date on which the liquor was bought. *People* v. *Shields,* 309 Ill., 142, 140 N. E. 850. The fact that plaintiff in error had sold intoxicating liquor to the affiant constituted just and reasonable ground to believe that he would continue to do so for a short period thereafter, and the affiant was not required to go to the home of plaintiff in error repeatedly to ascertain whether he had ceased to make such sales. The Constitution guarantees against unreasonable searches and seizures, but it does not require the making of a com-

plaint for a search warrant immediately following a purchase of liquor at a place proposed to be searched. The lapse of time between the sale to the affiant and the issuance of the search warrant was not so long or unreasonable as to render the proceeding void.''

Mr. Justice McReynolds in his concurring opinion in *Sgro* v. *United States,* 287 U. S., 206, 53 S. Ct., 138, 142, 77 L. Ed., 260, 85 A. L. R., 108, expressed his views in this language:

''The statutes require that a warrant to search for intoxicating liquors shall rest upon duly established probable cause to believe that at the time it issues the liquor is unlawfully possessed. The supporting affidavit must relate to facts which tend to show an unlawful situation actually or probably existing at the moment.''

A case directly in point is that of *People* v. *Musk,* 231 Mich., 187, 203 N. W., 865, the search warrant having been issued upon the following statement of facts in the affidavit:

''Deponent has seen intoxicated persons on the premises. Deponent has seen persons drinking moonshine whisky on the premises. Deponent has seen whisky purchased on the premises.''

In passing upon this affidavit the court in its opinion said:

''It will be noticed that in the affidavit it was not stated when the intoxicated persons were seen, nor when persons drinking moonshine whisky on the premises did the drinking, nor when the whisky was purchased, nor from whom it was purchased. We think the affidavit was fatally defective and that the warrant was invalid.''

■ Applying the rule announced in the foregoing cases to the affidavit in question, it is evident that no

facts are stated from which the magistrate could conclude that the plaintiff in error was at that time in the unlawful possession of intoxicating liquors.

In our investigation we have found no case sustaining a search where the supporting affidavit omits the date on which the informant claims to have seen and imbibed liquor in the dwelling of the accused. There are numerous cases in which the remoteness of the affidavit to the date of the unlawful act are discussed. The fact that in the instant case the informant at some unnamed date visited the plaintiff in error in his home and drank some of his whisky does not constitute probable cause for the issuance of a search warrant.

It results that the judgment of the trial court must be reversed and the case remanded.