Alvin BENTLEY, Wayne Kephart and
Gary Lane, Appellants,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Jan. 21, 1977.

Certiorari Denied by Supreme Court
June 13, 1977.

Jere B. Albright, Humboldt, Fred Collins, Milan, for appellants.

R. A. Ashley, Jr., Atty. Gen., William C. Koch, Jr., Asst. Atty. Gen., Nashville, W. R. Kinton, Jr., Dist. Atty. Gen., Trenton, for appellee.

## OPINION

DWYER, Judge.

The appellants, Alvin Bentley, Wayne Kephart and Gary Lane, appeal their convictions for committing the offense of contributing to the delinquency of a minor, T.C.A. 37-201 et seq., with resulting punishment to each of a fine of fifty dollars plus confinement for six months in the Gibson County Jail.

The appellant Kephart also appeals his conviction for committing the offense of possessing marijuana imposed by the trial court when Kephart waived the jury. The punishment imposed on this judgment was confinement for sixteen days in jail. We will consider both appeals in this opinion.

There are several assignments of error which paraphrased are these: the search warrant obtained for Kephart's motel room was fatally defective and the evidence seized as a result of that search should have been excluded; the warrantless search of Lane's room was illegal because his consent was not free and voluntary; the court erred in not dismissing the possession of marijua-

na charge against Kephart; the trial court erred in not charging appellants' special request, to wit, it must be shown that appellants knew the prosecutrix was under eighteen years of age in order to convict them; and the argument of the State's attorney was a comment on appellants' failure to testify.

The evidence in this record reveals that a girl seventeen years of age, with physical attributes of a much older woman, was posing with the appellants in photographs which depicted acts of intercourse, fellatio, cunnilingus and group sex interplay. The girl, testifying as a witness for the State, acknowledged that she had told the appellants that she was eighteen, that she had been married and that she had a child. This witness also acknowledged providing the camera and suggesting taking the photographs which, coupled with her testimony, support the indictment charge. There is no suggestion from the proof of the State that this girl was other than a willing participant in all the acts that were supposed to have contributed to her delinquency. When she was taken into custody with the appellant Bentley, she gave her age as eighteen to the officers.

The appellants did not testify; however, the appellant Lane called one of the officers who arrested him to show that initially he had refused the officer's permission to search his motel room. This officer related that only after being placed under arrest, being told that the officers would get a search warrant and come back, and being put in a police car which started to leave the motel, did the appellant give them permission to search his room. Some of the incriminating photographs introduced at trial were then found in a suitcase in his room at the Southgate Motel, which photographs depict Kephart and the girl engaging in sexual activity.

The search of appellant Kephart's room and car at the Greystone Motel was accomplished by the Milan and Gibson officers after obtaining a search warrant, upon the following affidavit:

"Affiant further states as follows: Informant who has in the past furnished reliable and credible information stated to affiant that informant while in the aforedescribed room was shown obscene and pornographic materials by an occupant of the room and that affiant believer (sic) based on informant's information that obscene and pornographic materials are on the aforedescribed premises for the purpose of sale or distribution."

This search warrant, we think, is void: it fails to state a date when the offense was supposed to have occurred, *Welchance v. State,* 173 Tenn. 26, 114 S.W.2d 781 (1938); and the photographs being described as obscene and pornographic, we think, states a bald conclusion, *Lee Art Theatre, Inc. v. Virginia,* 392 U.S. 636, 88 S.Ct. 2103, 20 L.Ed.2d 1313 (1968). The State concedes that considerable questions are raised as to the validity of the search warrant and the obtaining of the photographs and the marijuana as a result of this search.

The photographs recovered as a result of the search of Kephart's room under the warrant should not have been admitted into evidence, we think, against Kephart over his objection.

■ Consequently, the discovery of the marijuana in Kephart's room as a result of this unreasonable search and its admission into evidence over objection was error. His conviction for possessing marijuana cannot stand and is accordingly reversed.

The State argues that under *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), "[the] 'fruits of the poisoned tree' [doctrine]" requires that all of the photographs seized in Kephart's room should have been suppressed as to all three appellants; if we follow this argument, the only evidence left would be the testimony of the prosecutrix and the pictures taken from Lane's possession. The State then argues that her testimony would be sufficient evidence to sustain these convictions.

■ In applying *Wong Sun,* supra, to the facts in this case, we think none of the photographs seized in either search were admissible against Kephart as the pictures illegally taken from his room led to the arrest and search of Lane with discovery of pictures of Kephart and the girl in Lane's suitcase.

■ We think Bentley and Lane cannot claim the constitutional right of Kephart to exclude evidence gathered from the unreasonable search of his room due to lack of standing. *Brown v. United States,* 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973). The use of the incriminating photographs depicting prohibited sexual acts involving Lane and Bentley seized from Kephart's room, therefore, were competent against them and proper for the jury to consider.

■ We think the search of Lane's room under the circumstances shown in this record was a far cry removed from a free consent search. The clear evidence reflects his refusal to permit a search when arrested and placed in custody in the squad car. His consent came about only when told they (police) would go get a warrant if he did not consent and started the squad car to do so. His permission then falls short of being voluntary in view of the "totality of circumstances" rule found in *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 2058, 2059, 36 L.Ed.2d 854 (1973).

In substance, we hold the pictures seized from Kephart were inadmissible against him as a result of the defective search warrant and the search of Lane's room and the discovery of photographs of Kephart and the girl were the fruits of the unreasonable search on the defective warrant as outlined. These pictures of Kephart should not have been admitted into evidence. The lack of standing by Lane and Bentley prevents their challenging the search of Kephart's room. The pictures seized therein were incompetent as to Kephart but competent as to Lane and Bentley.

■ The State argues that if *Wong Sun,* supra, prohibits the use of the fruits of the poisonous tree against Kephart, the girl's testimony alone would support his conviction. We think the use of the illegally seized photographs from his room and car

had to have a tremendous impact on the jury in weighing her testimony. We cannot say that the use of the photographs did not influence the jury's verdict as to him and we think it deprived Kephart of a fair trial. The conviction of Kephart for contributing to her delinquency is accordingly reversed and the record as to him is remanded for a new trial. The pictures seized from Kephart's room with no right to privacy inuring to Lane and Bentley depicting these two appellants in sexual activity with the prosecutrix, coupled with her testimony are sufficient facts to support their convictions.

▮ We think it was improper for the court to charge on the definitions of obscenity, T.C.A. 39–1010, in this record, which at most would be harmless error. With our holding above there was no error in denying appellants' special request, the trial court properly charged the jury the applicable law. T.C.A. 37–254. This assignment is overruled.

The argument of the State's attorney not being transcribed into the record, we find no merit in the assignment pertaining thereto.

The contributing to the delinquency of a minor convictions as to Lane and Bentley are affirmed. The judgment of Kephart for contributing to the delinquency of a minor and his possession of marijuana are reversed. The judgments as to him in these two convictions are accordingly remanded for a new trial.

WALKER, P. J., concurs.

TATUM, Judge, dissenting.

Although I concur with the majority in their holding insofar as the search of the appellant's premises are concerned and the disposition made by the majority on this proposition, I would reverse and remand as to all defendants on Assignment of Error III.

This assignment is as follows:

"The Court erred in refusing to instruct the jury that in order to return a verdict of guilty, the jury must find that the defendants knew or had knowledge of such facts that they should reasonably have known that the prosecuting witness, Jenny Goodrich, was a minor, under eighteen (18) years of age."

The prosecuting witness testified that she told at least one of the appellants that she was 18 years of age and that she had previously been married. The majority describes the prosecuting witness as "a girl 17 years of age, with physical attributes of a much older woman". Having viewed the photographs of the prosecuting witness, I am in full agreement with the majority in their description of her.

The State concedes that the Trial Judge did not instruct the jury concerning the appellants' knowledge of the prosecuting witness's true age, but the State says that this is harmless error because the appellants not only caused the minor to violate T.C.A. § 39–3013(A) but because they also caused her to commit delinquent acts by violating T.C.A. § 39–707 (crime against nature statute) and that T.C.A. § 37–254 does not require "knowledge" of the age of the minor.

It is true that the Trial Judge charged the jury the applicable law under T.C.A. § 37–254. If the Trial Judge had stopped there, then I could agree with the majority, but the jury was instructed on T.C.A. §§ 39–3010—39–3013 as follows:

"Now, as applied to this case, the State charges these three defendants with contributing to the delinquency of a minor or a child.

I charge you with regard to obscene material that under Section 39–3o10, [sic] there is defined a certain matter or things that are declared to be obscene by the Statute. The definitions under that particular Statute, Section, 39–3010, says that obscene means that the average persona [sic] applying contemporary community standards will find that the work, taken as a whole, appeals to the Prurient interst [sic], that the work depicts or describes in an offensive way, sexual conduct, and that the work taken as a whole lacks serious literary, artistic or political or scientific value.

The term Prurient interst [sic] means a shameful or morbid interest in sex. The term matter, as applied to obscent [sic] matter includes any number of things, including books or drawings or photographs or picutres [sic] or films. Under this act it is declared to be unlawful and a criminal offense, to knowingly send into the State or to prepare in this State, for sale, distribution, exhibition or display, any matter which is declared to be obscene; which as the statute describes it means that the average person applying contemporary stanrds [sic] would find obscene under this statute.

I charge you further that if an adult encourages, aids or abettes [sic] or contributes to a minor to bring about or to display or take part in the exhibitiion [sic] or display of obscene matter under the Statute in the State of Tennessee, this person sould [sic] be guilty of contributing to the delinquency of a minor."

The pertinent portion of T.C.A. § 39–3013 is as follows:

"39–3013. *Importing or preparing in state for sale, distribution, or exhibition—Distribution to or employment of minors—Penalties.*—(A) It shall be unlawful to knowingly send cause to be sent, or bring or cause to be brought, into this state for sale, distribution, exhibition, or display, or in this state to prepare for distribution, publish, print, exhibit, distribute, or offer to distribute, or to possess with intent to distribute or to exhibit or offer to distribute any obscene matter. It shall be unlawful to direct, present, or produce any obscene theatrical production or live performance and every person who participates in that part of such production which renders said production or performance obscene is guilty of said offense.

\*   \*   \*   \*   \*   \*

(C) It shall be unlawful to hire, employ, or use a minor to do or assist in doing any of the acts described in subsection (A) *with knowledge that a person is a minor under eighteen (18) years of age, or while in possession of such facts that*

*he or she should reasonably know that such person is a minor under eighteen (18) years of age."* (Emphasis added).

Since the Trial Judge instructed the jury on the violation involved in T.C.A. § 39–3013, I would hold that it was incumbent upon him to also charge the jury that before the appellants could be convicted under this Code Section, the State must prove beyond a reasonable doubt that the appellants had knowledge that the prosecuting witness was under the age of 18 years or that they were in possession of such facts that they should reasonably know that she was under the age of 18 years.

I cannot justify instructing the jury on the portion of T.C.A. § 39–3013 that would be harmful to the appellants and failing to instruct the jury on the portion of the same Code Section that might be beneficial to the appellants.

As above stated, the prosecuting witness said that she was 18 years of age and her physical appearance would buttress anyone's reliance upon her statement. I am convinced that the Trial Judge's rejection of the special request could very well have affected the results and I do not think that this was harmless error.

I would sustain Assignment III and would reverse and remand as to all three appellants.