**STATE of Tennessee, Appellant,**

v.

**Roy Edward McCORMICK and Nancy J. Maddox, Appellees.**

Court of Criminal Appeals of Tennessee.

March 14, 1979.

Certiorari Denied by Supreme Court July 30, 1979.

William M. Leech, Jr., Atty. Gen., William O. Kelly, Asst. Atty. Gen., John P. Apel, Asst. Dist. Atty. Gen., Nashville, for appellant.

Robert H. Schwartz, Nashville, for McCormick.

Harlan Dodson, III, Nashville, for Maddox.

## OPINION

TATUM, Judge.

The State has brought this petition for the common law writs of certiorari and supersedeas to review the action of the trial court in granting the respondents' motion to suppress evidence in these drug cases.

The trial judge granted the motion to suppress on the grounds that the search warrant used to seize the drugs was unconstitutionally issued because the affidavit for the warrant did not give a specific date on which illegal activity was observed.

The warrant was issued on the affidavit of a police officer relating facts given to him by an unnamed informant. The portion of the affidavit with which we are now concerned stated, "that while in the above described location *in the past 72 hours,* [the informant] did observe Roy E. McCormick, M/W, and Nancy Jeannette Maddox, F/W, in possession of a quantity of marijuana.____" In granting the motion to suppress, the trial judge held that the Constitution required a calendar date (a specified day, month and year) to establish the time the illegal activity was observed and the use of the phrase "in the past 72 hours" did not meet constitutional requirements. In reaching this result, the trial judge misconstrued the language of *Owens v. State,* 217 Tenn. 544, 399 S.W.2d 507 (1965) and *Welchance v. State,* 173 Tenn. 26, 114 S.W.2d 781 (1938).

In the *Welchance* case, the affidavit stated: "The affiant was informed by a reliable person that the informer was on the premises and saw a quantity of whiskey delivered and put in the above-described building . . . ." After quoting the affidavit, the *Welchance* court made this observation:

It will be noted that affiant does not disclose the date on which he received the information, nor the date when his informant visited the dwelling of plaintiff in error and drank some whisky. So far as appears from the affidavit, the visit referred to may have taken place more than a year prior to the time that it was made.

In discussing the question, the *Welchance* court stated that, "It is essential that the *date* on which the alleged offense was committed be stated in the affidavit in order that the magistrate may determine whether probable cause existed for the issuance of the warrant." The court made other pronouncements employing the word "date."

However, when we read the case in context, it is obvious that the court was not using the word "date" literally, but meant that facts must be stated in the affidavit from which the Magistrate could conclude that the defendant was at the time of the issuance of the warrant still in the unlawful possession of intoxicating liquors.

The affidavit under scrutiny in *Owens v. State, supra,* specified that the illegal activity was observed on the same day of the affidavit. The *Owens* opinion contains the following dictum:

> Finally, there is authority in Tennessee holding that observations of the informer, or the affiant, must be stated to have been made *on a particular named date. Welchance v. State,* 173 Tenn. 26, 114 S.W.2d 781 (1938). The affidavit in the instant case meets that requirement. [Emphasis supplied.]

In *Bentley v. State,* 552 S.W.2d 778 (Tenn.Cr.App.1977), this court considered the validity of a search warrant based on an affidavit which gave no indication as to the time the illegal activity was observed. The search warrant was held to be void, on authority of *Welchance,* because "it [the affidavit] fails to state a *date* when the offense was supposed to have occurred."

There are no cases holding a search warrant invalid on the ground that the affidavit procuring the warrant does not specify the day, month, and year of the observation of alleged illegal activity; the holdings are to the contrary. In *Waggener v. McCanless,* 183 Tenn. 258, 191 S.W.2d 551 (1946), the Supreme Court was confronted with the identical question with which we are now faced with an affidavit in the following language:

> "This affidavit is based on information just received from a good and reliable person whose name affiant has disclosed to me as a Justice of the Peace. Affiant states on oath that said informant has *just* told him that he had *just recently seen* the above named person place a quantity of intoxicating liquors on the premises hereinafter described; also, that he has *recently* seen sundry persons drinking intoxicating liquors on said premises and going there at different hours of the day and night sober and returning in a drunken condition. (In the margin) Affiant's informant says said sales have been made to him *frequently and within the last few days.*" (Emphasis supplied.)

The Supreme Court held the foregoing affidavit to be sufficient to support a finding of probable cause, stating:

> It appears from his brief and argument that petitioner bases these assignments on the language of this Court in *Welchance v. State,* 173 Tenn. 26, 114 S.W.2d 781, which the Court followed in *Everett v. State,* 182 Tenn. 22, 184 S.W.2d 43, 44. In both these cases it was said by this Court that a definite statement of the "date" of the observation of the offense on which the affidavit was based must appear.
>
> The protection afforded the citizen by the Constitution is against unreasonable searches of his person or property and if there be "probable cause" to justify a conclusion by a reasonable person that a breach of law is existing on such person or premises at the time of the application for the warrant, the search is not unreasonable. In arriving at "probable cause" one essential element, and the only one with which we are here concerned, is that of the time at which the informant of the officer secured the information on which the latter applies for the warrant. Such time is essential and must appear on the face of the affidavit, and of course, the nearer it is to the time of the application the more effective it is to justify a conclusion of probable cause.
>
> There is and could not reasonably be any rigid rule, arbitrarily made, that the time element, that is the time elapsed between the observed offense and the application for the warrant, had to be supplied in one fixed way. So long as the statement of the time is certainly and definitely made, that is all that the law does or could require.
>
> \* \* \* \* \* \*

In the *Welchance* case, supra, it is clear that Mr. Justice McKinney was using the word "date" as synonymous with time, since he says expressly, "it was unnecessary to state in the complaint the date on which the liquor was bought." (173 Tenn. at page 29, 114 S.W.2d at page 782.) In the affidavit there under attack, no attempt was made by the affiant to give the date or time at all, and there was on the face of the affidavit no way to estimate the time element on which the magistrate had arrived at the conclusion of probable cause.

\* \* \* \* \* \*

We have no doubt that this is the law and that so long as the time or date be definitely and clearly fixed, no particular method for fixing it could reasonably be required. Further, there is no requirement that the observation of the occurrence shall have been observed within any specified number of days prior to the application for the warrant.

It remains to consider whether a statement that the officer's informant had observed an offense "just recently" and "within the last few days," was a statement of the time element of sufficient definiteness and certainty to supply the time element in a reasonable conclusion of probable cause. We have no hesitation in deciding that to a reasonable mind, a statement by an observer at the time he made application for a warrant, that he had just recently seen a quantity of liquor stored on certain premises and had within the last few days, bought drinks of intoxicating liquor on those premises, would lead to the conclusion that the unlawful condition continued to exist on those premises at the time of the application for the warrant.

In *Hicks v. State,* 194 Tenn. 351, 250 S.W.2d 559 (1952), the Supreme Court held an affidavit sufficient to justify the issuance of a search warrant when it stated, "Affiant's informant said that he, the informant, *had within the last ten days"* observed illegal activity on the premises to be searched.

■ We hold that the affidavit in the case *sub judice* was sufficient to establish probable cause and to authorize the issuance of a valid search warrant. The *Welchance, Owens,* and *Bentley* cases are not inconsistent with the *Hicks* and *Waggener* cases; what was said by the Supreme Court in the *Waggener* case interpreting the *Welchance* case, is applicable to the *Owens* and *Bentley* cases. It is necessary that the affidavit establish a time during which the illegal activity occurred so as to make it appear to the magistrate that the illegal occurrence is not too remote to establish probable cause at the time of the application for a search warrant. However, there is *no rigid rule or specific language required* to establish the time element. The affidavit in the case *sub judice* meets this test and was sufficient to establish that the informant's observations were not too stale to establish probable cause at the time the warrant was issued.

■ The respondent insists that certiorari does not lie to review the action of the trial judge in suppressing the evidence procured by the search. In the State's sworn petition for certiorari, it alleges that the suppression of this evidence completely and effectively ends the prosecution and leaves the State with no remedy. We have above held that the suppression of this evidence was without legal authority. Obviously, if the State were forced to trial without the benefit of the evidence produced by the search, it would lose a right and interest that could not be recaptured on appeal, since the State cannot appeal from an acquittal. We therefore must grant certiorari and supersedeas as mandated by our Supreme Court in *State v. Johnson,* 569 S.W.2d 808 (Tenn.1978).

The writs of certiorari and supersedeas are granted. The order of the trial court holding the search warrant invalid and suppressing the evidence of the search is reversed and these cases are remanded for trial.

O'BRIEN, J., and JERRY SCOTT, Special Judge, concur.