STATE of Tennessee, Appellee,

v.

J. D. BAKER, Appellant.

Court of Criminal Appeals of Tennessee.

Oct. 22, 1981.

Dale M. Quillen, Nashville, James M. Balthrop, Springfield, Lucinda E. Smith, Nashville, for appellant.

William M. Leech, Jr., State Atty. Gen., John C. Zimmermann, Asst. State Atty. Gen., Nashville, Lawrence Ray Whitley, Dist. Atty. Gen., Gallatin, for appellee.

## OPINION

BYERS, Judge.

The appellant was convicted of manufacturing marijuana and sentenced to serve not less than two (2) years nor more than five (5) years and to pay a fine of three thousand dollars ($3,000.00). He was also convicted of possession of marijuana for purpose of resale for which he was sentenced to serve not less than two (2) years and to pay a fine of three thousand dollars ($3,000.00).

The defendant says evidence seized under a search warrant should not have been introduced because of the insufficiency of the affidavit thereon and because the search warrant was based upon information obtained by reason of a trespass, says the state was erroneously permitted to cross-examine him about a prior possession of marijuana, and says the evidence is insufficient to support the verdicts.

The judgment is reversed and remanded for a new trial.

On October 19, 1979, a constable went to the front door of a residence owned by the defendant. The constable went to the door to ask directions to a farm for which he was searching. As he approached the front door, the constable observed a plant, which appeared to him to be marijuana. No one responded to the constable's knock, and as he turned to leave, he examined the plant more closely. The following day, the constable described the plant to a deputy who

had some knowledge of marijuana. The deputy was also of the opinion the constable had observed marijuana.

The constable went before a judicial commissioner to obtain a search warrant. The constable and other officers executed the warrant and found marijuana plants, marijuana seeds and other things upon the property which indicated marijuana was being handled thereon.

The affidavit for the search warrant was as follows:

Personally appeared before me JAMES "Jim" HYDE, Constable Dist 10, Robertson Co and made oath that he has good ground and belief, and does believe that J.D. Baker is in possession of the following described property, namely: Cultivated Marijuana plants, a controlled narcotic plant under Tennessee Statutes. [sic] to be searched for in accordance with the Laws of the State of Tennessee . . . and his reasons for such belief are that affiant has observed the presence of cultivated marijuana plants being grown on the property.

/s/ Jim Hyde

The appellant says this affidavit is insufficient because it fails to state a date on which the alleged criminal activity occurred.

The appellant relies upon *Welchance v. State*, 173 Tenn. 26, 114 S.W.2d 781 (1938), in support of his contention. We are of the view the appellant reads *Welchance* in a more restricted fashion than was intended by the Supreme Court. The Supreme Court did not hold the failure to state a date on which the criminal activity occurred invalidated the search warrant. Rather, the Court held there must be something set out in the affidavit which would give probable cause to believe the illegal activity was continuing at the time the search warrant was issued. In *Welchance*, the Court found there was nothing in the affidavit to support a finding of probable cause in the absence of the specification of a date on which the activity was observed by the affiant.

In *Waggener v. McCanless*, 183 Tenn. 258, 191 S.W.2d 551 (Tenn.1946), the Supreme Court held an affidavit which contained the words "said informant has just told him that he had just recently seen [illegal activity]," was sufficient to support a finding of probable cause to believe the illegal activity was continuing at the time the search warrant was issued.

In *Hicks v. State*, 194 Tenn. 351, 250 S.W.2d 559 (1952), the Supreme Court held the words "the informant, had within the last ten days [observed illegal activity]," was sufficient.

This Court in *State v. McCormick*, 584 S.W.2d 821 (Tenn.Cr.App.1979), held an affidavit which related the activity occurred within seventy-two (72) hours was sufficient.

■ We conclude the absence of a specific date in the affidavit setting out when the illegal activity was observed is not required if the affidavit sets out sufficient facts from which the magistrate issuing the warrant could find probable cause to believe the illegal activity, or other matters justifying a search, are occurring or are present on the premises when the search warrant is issued.

The affidavit in this case does not meet this test. The date of the observation of the marijuana plant by the affiant is not set out therein. There is nothing in the affidavit to suggest a time element to support a finding of probable cause to believe the activity was continuing at the time the search warrant was issued.

The state says the use of the phrase "being grown" supplies this deficit because "being grown" is in the present tense. The state relies heavily upon the case of *People v. Nelson*, 171 Cal.App.2d 356, 340 P.2d 718 (1959), in which the affidavit stated "marijuana is being grown . . . [and] is being smoked and kept . . ." In *Nelson* the Court held the warrant was sufficient because the offense being committed was in the present tense. We agree with the *Nelson* Court on this point. However, we find the language in the affidavit in *Nelson* was in the present tense because of the use of the

word "is", not because of the phrase "being grown", as the state contends.

We have examined the other cases cited by the state in support of its position and find the other cases, except *State v. Clay*, 7 Wash.App. 631, 501 P.2d 603 (1972), involved situations where dates or clearly present tense words were used.

■ The pivotal words in the affidavit before us are "has observed" and "being grown". "Has observed" is the verb in a subordinate clause and is in the past tense. It describes what the affiant did at some time in the past. Nothing in the sentence indicates when in the past the affiant observed the marihuana being grown. "Being grown" as used in the sentence is a participial phrase modifying the word marijuana. It does not indicate present tense. Therefore, there is nothing in the affidavit from which one could find the alleged criminal activity was currently taking place. The affidavit in support of the warrant is, therefore, insufficient, and the search warrant was fatally defective. *State v. Longstreet*, 619 S.W.2d 97 (Tenn.1981).

The state relies on the further case of *People v. Wachter*, 58 Cal.App.3d 911, 130 Cal.Rptr. 279 (1976), for their assertion the court may find current criminal activity on the premises searched on the basis of a police officer's duty to immediately report criminal activity. The state asks us to apply, as the California Court did, a presumption police officers will do their duty in this regard and immediately report a crime. From this, the state argues the Court can find the activity was occurring at the time the affidavit was made to the magistrate.

We note in the *Wachter* case, the word "now" was used in the affidavit. "Now" is clearly present tense. The California Court relied upon this in their finding before indulging in the presumption of fidelity to duty.

We are of the opinion Fourth Amendment rights should not be set aside on the basis of a presumption which rests on a dubious foundation, especially, on an affidavit which has no words indicative of present criminal activity.

■ We are not of the view the underlying information for the affidavit was obtained from an illegal trespass. The constable drove into the driveway of the residence and went to the front door to obtain direction to a farm. The custom of expecting people to come to the front door of a residence for various lawful purposes is of long duration. This custom is so engrained in society, one cannot imagine or discover when the custom began. It cannot be said a person has an expectation of privacy in the area in the front of his residence which leads from the public way to the front door. *See Lorenzana v. Superior Court*, 9 Cal.3d 626, 108 Cal.Rptr. 585, 511 P.2d 33 (1973). We conclude, therefore, the entry of the officer in this case was not unlawful, and his observing of the marijuana plant did not vitiate his source of probable cause because of a constitutional infringement.

The state was allowed to ask the defendant if he had previously possessed marijuana. We think this was error.

■ This question was asked in the following context as the state cross-examined the defendant about his claim of not knowing marijuana was located on the property.

Q Come on now. What do you mean by any marijuana left there? Did you think you got it all when you left?

A I didn't have any.

Q You didn't have any at all?

A No, sir.

Q Have you ever had any?

The defendant objected to this question, and the court held it was admissible on the issue of credibility. The state then asked if the defendant had sixteen (16) pounds of marijuana in his possession on May 5, 1978. The defendant replied saying he did not know the amount. On redirect the defendant testified he was not convicted for an offense during 1978.

We think the holding in *State v. Morgan*, 541 S.W.2d 385 (Tenn.1976), prohibits the question asked here. The defendant was being tried on charges of manufacturing marijuana and possession of marijuana for

purpose of resale. He was not, so far as this record shows, ever convicted of possession of marijuana. No jury-out hearing was held to establish the admissibility of this evidence under the *Morgan* guidelines. Possession of marijuana does not involve dishonesty. In the absence of this, the trial court should have determined whether possession of marijuana was a bad act and, if so, whether the probative value of this evidence outweighed the prejudicial effect as it relates to the issue of credibility in this case. Because of the similarity of previous possession of marijuana to the case on trial, we are of the view the prejudicial effect of the evidence outweighed its legitimate probative value. *Long v. State*, 607 S.W.2d 482 (Tenn.Cr.App.1980).

■ The defendant was convicted of manufacturing marijuana and possession of marijuana for purpose of resale. He could not be convicted of both charges on the evidence in this case. However, because this case is to be remanded for a new trial, the state may proceed in the trial court on both charges, and an instruction to the jury by the trial court would prevent a reoccurrence of a dual conviction.

■ The defendant's attack on the evidence is based on the claim he was not living at the property where this offense occurred. However, there was circumstantial evidence introduced by the state to the contrary. There was sufficient evidence upon which the jury could have found the defendant guilty beyond a reasonable doubt. T.R.A.P. 13(e). Nevertheless, because a great portion of the evidence was erroneously introduced and because the state was erroneously allowed to cross-examine the defendant about a prior possession of marijuana, we must reverse the judgment in this case.

We do not think a retrial of this case would violate the double jeopardy clause. We have noted the constable's initial observation of marijuana was not illegal. This case meets the rule set out in *State v. Longstreet*, 619 S.W.2d 97 (Tenn.1981), in which evidence seized under a defective search warrant was erroneously admitted. A remand for a new trial is therefore the proper course in this case.

DWYER and O'BRIEN, JJ., concur.