# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### July 25, 2012 Session

## STATE OF TENNESSEE v. MARK JOSEPH GRAVES

**Direct Appeal from the Criminal Court for Hamblen County**
**No. 10 CR 069     John F. Dugger, Jr., Judge**

---

**No. E2011-02471-CCA-R3-CD - Filed October 4, 2012**

---

The Defendant, Mark Joseph Graves, entered a best interest plea to attempted sexual exploitation of a minor, in exchange for a two-year and one-day sentence, as a Range I standard offender, at thirty percent. As part of the Defendant's plea agreement, he reserved a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2) as to whether an affidavit in support of a search warrant must allege when the illegal activity occurred. After reviewing the record and applicable law, we conclude that the Defendant is not entitled to relief. Accordingly, we affirm the Defendant's conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROGER A. PAGE, JJ., joined.

Troy L. Bowlin, II, Morristown, Tennessee, for the appellant, Mark Joseph Graves.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; C. Berkeley Bell, District Attorney General; and Kimberly Morrison, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Background and Facts

This case arises from the Defendant's possession of child pornographic materials on his personal computer. On July 1, 2008, Detective Sergeant Vicki Arnold submitted an

affidavit in support of a warrant to search the Defendant's residence and computers for images and video of child pornography as well as for evidence that the Defendant solicited a minor. The affidavit contained the following basis to support the request:

> My basis for believing that the "computer graphical images depicting minors engaged in sexual activity" and communications involved in the solicitation of a minor in violation of T.C.A. § 39-17-1003 described herein are in the above stated location and that these records are evidence of said violation of criminal law are as follows:
>
> Det. Doug Shanks with the Sevierville Police Department was conducting a child exploitation investigation in an under-cover capacity using the Internet.
>
> While conducting a pier precision (file sharing) investigation[,] [h]e found known child victim videos being shared from a computer with the I.P. (internet protocol) address of 68.118.84.218.
>
> Det. Shanks performed a WHOIS lookup of the I.P. address and confirmed that the address belonged to Charter Communications.
>
> Det. Shanks faxed a response to your affiant with the subscriber information associated with the I.P. address 68.118.84.218 and Charter was able to identify the subscriber as Randall Graves, 1974 Dove Street, Morristown[,] TN 37814. Your affiant did a visual inspect[ion] of the address and did verify that the address does exist . . . .
>
> Your affiant met with Assistant District Attorney Victor Vaughn on 7-1-08 to discuss the details of this case.
>
> Your affiant states that a personal computer is a natural repository for information and collections, and organization of materials for personal, business, and financial use. Your affiant states that the varying unlimited uses of a personal computer make it also probable that evidence of dominion, ownership and control of the personal computer and files thereon may be found in varying electronic forms.
>
> Your affiant states that computer technology can be mobile in the form of laptop computers, removable diskettes, and via remote general access. However, your affiant's knowledge outlined above makes it more probable than not that the collector will keep his/her collection within the confines of

-2-

his/her personal residence, and with the collector of computer graphical images of child pornography, it is more likely than not that the collection will be found in physical forms within the confines of the residence, and on some or all of the magnetic storage media in the residence.

Your affiant states that even if said person has "deleted" files, or placed them on portable disks, it is more likely than not, based upon my experience, and the training of our forensic computer experts, that the files will remain on the computer's internal storage device or on removable storage devices for a period of time until the subject performs specific operations to delete these files (such as a utility program that specializes in the deletion of files).

On the same day, July 1, 2008, based on the information contained in the affidavit, the search warrant was issued, and police officers executed the search warrant.

On March 1, 2010, based on the evidence obtained from the search of the Defendant's residence, a Hamblen County grand jury indicted the Defendant for sexual exploitation of a minor, a Class C Felony, by knowingly possessing thirty-eight images and fifty-three videos that included a minor engaged in sexual activity.[1]

On July 8, 2011, the trial court held a hearing on the Defendant's motion to suppress the evidence obtained pursuant to the execution of the search warrant. The Defendant argued that the affidavit in support of the search warrant was "based largely upon hearsay information." The Defendant continued that, because "the affidavit in this case fail[ed] to establish the reliability of the hearsay information," the affidavit provided "an insufficient basis upon which to establish probable cause for the issuance of the search warrant." The Defendant also claimed that the affidavit was "illegal" because it did not state "when the alleged illegal activity took place." The trial court considered the motion, noting that it had "to look at the four corners of the affidavit to determine whether there [was] probable cause to believe that the person or item [was] subject to a seizure or search . . . at a particular place and at a particular time." Regarding the hearsay argument, the trial court found that, because a detective with the Sevierville Police Department conducted the investigation and gave the information to Detective Arnold for further proceedings, "that alone can establish his reliability, and it shows his basis of knowledge that he was doing the investigation and found these videos on a certain address and gave . . . that information to Detective Arnold."

Regarding the claim that an affidavit in support of a search warrant is required to

---

[1] The State later amended that indictment to correct the number of images and videos to thirty-seven images and forty videos.

indicate a date on which the alleged activity took place, the Defendant offered, at the suppression hearing, the following cases to support his argument: *Welchance v. State*, 173 Tenn. 26 (Tenn. 1938), which the Defendant described as "a whiskey case . . . [in which] the justices point out . . . it is essential that the date on which the alleged offense was committed be stated in the affidavit . . . in order that the magistrate may determine whether probable cause exist[s] with the issuance of a search warrant;" *State v. McCormick*, 584 S.W.2d 821 (Tenn. Crim. App. 1979), which the Defendant summarized as stating that "so long as the statement of the time is certainly and definitely made that is all the law does and could require;" and *State v. Longstreet*, 619 S.W.2d 97 (Tenn. 1981), which the Defendant argued that "it points out, point blank: it is necessary that the affidavit establish a date during which the facts in question occurred so the magistrate will know whether the facts are too stale to establish probable cause." The Defendant concluded by stating that "[w]ithout a date of the alleged criminal activity[,] there is no way a magistrate or your Honor or a judge can determine if the information is stale." The State countered that trial courts have previously found that there are "no cases holding a search warrant invalid on the ground that the affidavit procuring the warrant did not specify the day, month[,] and year of the observation of an alleged illegal activity."

In making its decision, the trial court found that the affidavit provided a time period during which the illegal activity occurred, noting that the affidavit showed that Detective Shanks "issued a subpoena on March 31, '08, at 1:57." Because the affidavit set forth a time period of the detective's investigation, the trial court ruled the following:

> [I]t's necessary that an affidavit in support of a search warrant establish a time period which illegal activity occurred so as to make it appear to the magistrate, . . . that illegal occurrences were not too remote to establish probable cause at the time [of] the application of the search warrant. However, under State versus McCormick, there is no requirement that a particular date be specified.

The trial court concluded by finding that, under the four corners of the affidavit, the magistrate judge had probable cause to issue the search warrant. As a result, the trial court denied the Defendant's motion to suppress.

On November 4, 2011, the Defendant entered a best interest guilty plea to attempted sexual exploitation of a minor, a Class D Felony, for a sentence of two years and one day in incarceration at thirty percent, as a Range I standard offender. After questioning the Defendant, the trial court accepted the Defendant's guilty plea, sentenced him according to the agreed-upon terms of the plea agreement, and entered the judgment. The Defendant also reserved a certified question of law that both parties agreed was dispositive of the case.

In an addendum to the judgment against him, pursuant to Tennessee Rule of Criminal Procedure 37(b)(2), the Defendant reserved the following certified question: "Whether an affidavit in support of a search warrant must contain information relating to *when* the alleged underlying criminal activity occurred so as to establish probable cause and provide a valid basis for the issuance of a search warrant?"

## II. Analysis

### A. Certified Question of Law

Because this appeal comes before us as a certified question of law, pursuant to Rule 37(b) of the Tennessee Rules of Criminal Procedure, we must first determine whether the question presented is dispositive. The question is dispositive "when the appellate court 'must either affirm the judgment [of conviction] or reverse and dismiss [the charges].'" *State v. Dailey*, 235 S.W.3d 131, 134 (Tenn. 2007) (alterations in original) (quoting *State v. Walton*, 41 S.W.3d 75, 96 (Tenn. 2001); *State v. Wilkes*, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984)). An issue is never dispositive when this Court may exercise the option to reverse and remand. *Wilkes*, 684 S.W.2d at 667. This Court "'is not bound by the determination and agreement of the trial court, a defendant, and the State that a certified question of law is dispositive of the case.'" *Dailey*, 235 S.W.3d at 134-35 (quoting *State v. Thompson*, 131 S.W.3d 923, 925 (Tenn. Crim. App. 2003)). This Court must make an independent determination that the certified question is dispositive. *Id.* at 135 (citing *State v. Preston*, 759 S.W.2d 647, 651 (Tenn. 1988)).

An appeal lies from any judgement of conviction upon a plea of guilty if the defendant entered into a plea agreement under Rule 11(a)(3) but explicitly reserved with the consent of the State and the court the right to appeal a certified question of law that is dispositive of the case. Tenn. R. Crim. P. 37(b)(2); *see Preston*, 759 S.W.2d at 650. Further, the following are prerequisites for an appellate court's consideration of the merits of a question of law certified pursuant to Rule 37(b)(2):

(i) The judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, contains a statement of the certified question of law reserved by the defendant for appellate review;

(ii) The question of law is stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;

(iii) The judgment or document reflects that the certified question was expressly reserved with the consent of the state and the trial judge; and

(iv) The judgment or document reflects that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case . . . .

Tenn. R. Crim. P. 37(b)(2)(A)(i)-(iv).

The Defendant's issue on appeal meets these requirements. He pled guilty, the judgment form referenced the attached certified question, and the addendum to the judgment form listed the question that the Defendant maintains on appeal: "Whether an affidavit in support of a search warrant must contain information relating to *when* the alleged underlying criminal activity occurred so as to establish probable cause and provide a valid basis for the issuance of a search warrant?"

We agree that the question included in the addendum attached to the judgment form against the Defendant is dispositive of the case. Thus, we conclude that the issue is properly before this Court.

## B. Affidavit in Support of Search Warrant

The Defendant contends that, according to Rule 41(c) of the Tennessee Rules of Criminal Procedure and *McCormick*, 584 S.W.2d at 821, a sworn affidavit in support of a search warrant must contain "a time element alleging when the illegal activity occurred to allow the magistrate to determine the existence of probable cause." The State argues that "[t]his Court has repeatedly held that there is no requirement that an affidavit provide a specific calendar date." The State continues that, because the affidavit provided a time period during which the illegal activity occurred, the trial court properly denied the Defendant's motion to suppress. We agree with the State.

We begin our analysis with review of the Fourth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, which provides as follows:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, will not be violated, and no warrants will issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV; *see Mapp v. Ohio*, 367 U.S. 643, 655 (1961). Similarly, article I, section 7 of the Tennessee Constitution provides:

[P]eople shall be secure in their persons, houses, papers and possessions, from unreasonable searches and seizures; and that general warrants, whereby an officer may be commanded to search suspected places, without evidence of the fact committed, or to seize any person or persons not named, whose offenses are not particularly described and supported by evidence, are dangerous to liberty and not to be granted.

Tenn. Const. art. I, § 7.

"[A] search warrant shall be issued only on the basis of an affidavit, sworn before a 'neutral and detached' magistrate, which establishes probable cause of its issuance." *State v. Stevens*, 989 S.W.2d 290, 293 (Tenn. 1999). To establish probable cause to issue a search warrant, an affidavit must supply reasonable grounds for suspicion that an illegal act is occurring. *Id.* Thus, the need for the magistrate to make a neutral and detached decision regarding the existence of probable cause requires that the affidavit contain more than mere conclusory allegations by the affiant. *State v. Moon*, 841 S.W.2d 336, 338 (Tenn. Crim. App. 1992).

An affidavit must show a nexus between the criminal activity, the place to be searched, and the items to be seized in order to give a magistrate probable cause to issue a warrant. *State v. Reid*, 91 S.W.3d 247, 273 (Tenn. 2002); *State v. Smith*, 868 S.W.2d 561, 572 (Tenn. 1993). When the affidavit contains no direct evidence of such a nexus, "we must . . . determine whether it was reasonable for the magistrate to infer that the item of contraband listed in the affidavit would be located" in the place to be searched. *State v. Saine*, 297 S.W.3d 199, 206 (Tenn. 2009).

The Tennessee Supreme Court has stated that "Tennessee law is clear that in determining whether or not probable cause supported issuance of a search warrant only the information contained within the four corners of the affidavit may be considered." *State v. Keith*, 978 S.W.2d 861, 870 (Tenn. 1998) (citing *State v. Jacumin*, 778 S.W.2d 430, 432 (Tenn. 1989)). This language refers to a trial court's determination of whether the warrant itself is valid.

Further, the Tennessee Supreme Court previously has recognized that a written and sworn affidavit containing allegations from which the magistrate can determine whether probable cause exists is an indispensable prerequisite to the issuance of a search warrant in this State. *Jacumin*, 778 S.W.2d at 432; *see also State ex rel. Blackburn v. Fox*, 292 S.W.2d 21, 23 (Tenn.1956). This Court, however, has found no constitutional or statutory rule stating that an indispensable prerequisite to a valid affidavit is that the affidavit must contain a date or "time element." An affidavit, historically, has been defined in case law as "a statement in

writing, signed, and made upon oath before an authorized magistrate." *Watt v. Carnes*, 51 Tenn. 532, 534 (1871). Additionally, the General Assembly has expressly defined the components to be included in an affidavit: "A search warrant can only be issued on probable cause, supported by affidavit, naming or describing the person, and particularly describing the property, and the place to be searched." T.C.A. § 40-6-103 (2006). Also, Rule 41 of the Tennessee Rules of Criminal Procedure does not state that a date or time element must be included in an affidavit in support of a search warrant; rather, it only specifies that "[a] warrant shall issue only on an affidavit or affidavits sworn to before the magistrate and establishing the grounds of issuing the warrant." Nothing in those definitions or explanations suggest that a specific date is an essential component of an affidavit.

The Defendant in the present case argues that an affidavit in support of a search warrant must contain a "time element alleging when the illegal activity occurred," citing *State v. McCormick*, 584 S.W.2d 821 (Tenn. Crim. App. 1979), in support of the argument. The Defendant's reliance on *McCormick* is misplaced. In *McCormick*, the defendant filed a motion to suppress, arguing that the search warrant used to seize illegal drugs from him was unconstitutional because the affidavit in support of the warrant "did not give a specific date on which illegal activity was observed." *McCormick*, 584 S.W.2d at 822. The affidavit stated that an informant had seen the defendant with marijuana "in the past 72 hours." *Id.* The trial court granted the motion to suppress, finding that "the Constitution required a calendar date (a specified day, month, and year) to establish the time the illegal activity was observed." *Id.* On appeal, however, this Court held that the trial court "misconstrued" the language of the case law that it used to support the decision. *Id.* (citing *Owens v. State*, 399 S.W.2d 507 (1965); *Welchance v. State*, 114 S.W.2d 781 (1938)). This Court further stated that the trial court took the holdings of the earlier cases out of context. *Id.* In *Welchance*, the Tennessee Supreme Court stated that "[i]t is essential that the Date on which the alleged offense was committed be stated in the affidavit in order that the magistrate may determine whether probable cause existed for the issuance of the warrant." *Id.* The *Owens* court cited *Welchance* for the same proposition. *Id.*

In *McCormick*, this Court found that, rather than establishing a requirement that an affidavit contain a specific date of the illegal activity, the language of the Tennessee Supreme Court, in those earlier cases, "meant that facts must be stated in the affidavit from which the Magistrate could conclude that the defendant was at the time of the issuance of the warrant still in the unlawful possession" of the illegal substance. *Id.* Therefore, in reversing the trial court's decision, this Court held that "[t]here are no cases holding a search warrant invalid on the ground that the affidavit procuring the warrant does not specify the day, month, and year of the observation of alleged illegal activity; the holdings are to the contrary." *Id.* This Court continued:

It is necessary that the affidavit establish a time during which the illegal activity occurred so as to make it appear to the magistrate that the illegal occurrence is not too remote to establish probable cause at the time of the application for a search warrant. However, there is no rigid rule or specific language required to establish the time element.

*Id.* at 824. Further, the Tennessee Supreme Court, in *State v. Longstreet*, interpreted the *Welchance* decision to mean that the main issue is not whether a date was included in the affidavit, but whether the information contained in the affidavit was stale:

> It is necessary that the affidavit establish a date during which the facts in question occurred so the magistrate will know whether the facts are *too stale* to establish probable cause at the time the search warrant is issued. *Welchance v. State*, 173 Tenn. 26, 114 S.W.2d 781 (1938). The date requirement is not a literal one, but there must be facts stated from which the issuing magistrate can conclude that the facts are sufficiently recent to support a finding of probable cause. *State v. McCormick*, 584 S.W.2d 821, 824 (Tenn. Cr. App. 1979).

619 S.W.2d 97, 99 (Tenn. 1981) (emphasis added).

Therefore, in this case, we conclude that the *McCormick* decision does not support the Defendant's argument. Additionally, to the extent the Defendant relies upon *Welchance* and the cases that relied upon it, we conclude that the Tennessee Supreme Court's analysis of *Welchance* in *Longstreet* clarifies that a specific date is not necessarily required in the affidavit, but the proper inquiry is whether the facts contained in the affidavit were stale at the time the affiant applied for a search warrant. We note that the certified question in this case does not encompass the issue of whether the information contained in the affidavit was stale; therefore, any argument to that effect is not properly before this Court for review.

In summary, the affidavit submitted in support of the search warrant in this case described the Defendant, the residence to be searched, the computers and other electronic devices believed to contain illegal material, and provided a time period during which the illegal activity occurred. We note that the trial court found that the affidavit specified that Detective Shanks "issued a subpoena on March 31, '08, at 1:57," which established the time period of the illegal activity. The trial court, in examining the four corners of the affidavit, properly found that the affidavit provided probable cause to issue the search warrant. Therefore, we conclude that the trial court did not err in denying the Defendant's motion to suppress, and we affirm the Defendant's conviction. The Defendant is not entitled to relief.

## III. Conclusion

After a thorough review of the evidence and relevant authorities, we affirm the trial court's judgment.

_____

ROBERT W. WEDEMEYER, JUDGE