IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
November 13, 2013 Session

**STATE OF TENNESSEE v. RICKY J. JONES
and SHANE EUGENE McCLANAHAN**

**Appeal from the Criminal Court for Smith County
Nos. 2012-CR-150, 2012-CR-193,  David E. Durham, Judge
2012-CR-147, 2012-CR-268**

**No. M2013-01174-CCA-R3-CD - Filed March 11, 2014**

THOMAS T. WOODALL, J., dissenting opinion.

I respectfully dissent.  I would reverse the trial court's orders granting the suppression motions filed by Defendant Jones and Defendant McClanahan, reverse the orders of dismissal of the cases, and reinstate the charges for further proceedings.  Since the search of Defendant McClanahan was a different search than the one challenged by Defendant Jones, I will discuss each Defendant separately.  Initially though it is necessary for me to specifically address a portion of Judge McMullen's lead opinion.  The State filed separate Notices of Appeal for Defendant Jones and Defendant McClanahan, so the issue of the trial court's order suppressing all evidence seized pursuant to execution of the search warrant at Defendant Jones' home was preserved for appeal.  I acknowledge that the State, for reasons I do not know, in its brief declined to specifically address the issue of the suppression of evidence in Defendant Jones' case.  The trial court's decision in Defendant Jones' case rested solely upon the conclusion that the evidence seized as a result of the stop of Defendant McClanahan was illegally seized and therefore could not be used to support probable cause to search Defendant Jones' home.  Perhaps the State assumed that arguing only the facts of Defendant McClanahan's stop would suffice to address Defendant Jones' case.  Both defendants were represented by the same counsel and both defendants' cases were included in one brief in this appeal.  Despite the fact the State omitted any specific argument about suppression of evidence in Defendant Jones' case, counsel for Defendants made the following argument in their brief: "All fruits of the stop as initiated by Officer Agee were of the poisonous tree as it pertains to the search of the residence of Ricky Jones. [citations omitted]."  Under the circumstances I have no problem procedurally addressing the issue concerning the search warrant for Defendant Jones' home.

*Defendant McClanahan*

In its ruling on Defendant McClanahan's motion to suppress all evidence seized during a warrantless search and seizure of Defendant McClanahan, one of the pertinent findings of fact and conclusions of law made by the trial court was that once Deputy Agee smelled the odor of marijuana on Defendant McClanahan inside the store, Deputy Agee "had reasonable suspicion . . . to stop [Defendant] McClanahan." This finding of fact by the trial court is critical to my analysis because it shows that the trial court found Deputy Agee to be credible when he testified that the smell of marijuana was on Defendant McClanahan. The trial court seriously questioned Deputy Agee's credibility as to the testimony of why Deputy Agee could not detain Defendant McClanahan before Defendant McClanahan had driven away from the store. However, this does not affect the trial court's finding of fact that Deputy Agee smelled marijuana on the person of Defendant McClanahan. Without mentioning any specific case law in support of its conclusion of law, the trial court granted the motion to suppress because "[Deputy Agee's] time for reasonable suspicion ceased once [Defendant McClanahan] got into that vehicle and got down the road."

Findings of fact by the trial court in a suppression hearing are binding on the appellate court unless the evidence in the record preponderates otherwise. *State v. Meeks*, 262 S.W.3d 710, 722 (Tenn. 2008). However, the trial court's conclusions of law and its application of the law to the facts are reviewed *de novo* without any presumption of correctness. *Id*.

As has the majority in this case, I have been unable to find a case that addresses the specific issue of the *duration* of "reasonable suspicion" to justify an investigative stop. Specifically, does it include the entire time period from when the object supplying the reasonable suspicion (in this case the person of Defendant McClanahan) is moved from the inside of the store, to the inside of Defendant McClanahan's vehicle, and then transported on a public highway for a relatively short distance and during what the record implies was a relatively short period of time? *Terry v. Ohio*, 392 U.S. 1 (1968) provides guidance to resolve this issue. In *Terry*, the Supreme Court stated that it had to decide whether the officer's interference with the defendant's "personal security" was reasonable under the Fourth Amendment of the United States Constitution. The Court stated,

> And in determining whether the seizure and search were "unreasonable" our inquiry is a dual one - whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place.

*Terry*, 392 U.S. at 19-20.

In the case *sub judice*, the circumstances which justified the interference with Defendant McClanahan's liberty was the odor of marijuana on his person detected by Deputy

Agee. The trial court correctly concluded that at the time Deputy Agee detected that odor he had reasonable suspicion to make an investigatory stop and detention of Defendant McClanahan. No matter the circumstances which led to Defendant McClanahan moving from inside the store to inside a vehicle and then to traveling a short distance, in my opinion the quick response of Deputy Agee to initiate the stop of Defendant McClanahan's vehicle "was reasonably related in scope to the circumstances" which justified the investigatory detention. *Id*.

Thus, on the specific facts of this case, I would reverse the trial court's judgment as to Defendant McClanahan.

*Defendant Jones*

Defendant Jones moved to suppress all evidence seized pursuant to a search warrant authorizing the search of real property owned by Defendant Jones at 63 Toney Hollow Road in Smith County. A portion of the facts stated in the affidavit submitted in support of issuance of the search warrant pertained to the stop of Defendant McClanahan's vehicle by Deputy Agee. Specifically the affidavit stated the vehicle was seen leaving Defendant Jones' home and was stopped and searched and one quarter pound of marijuana was found in Defendant McClanahan's vehicle. Furthermore the affidavit stated that Defendant McClanahan indicated that he purchased the marijuana at Defendant Jones' home.

Defendant Jones' motion to suppress is an inartfully drawn pleading which for the most part states "boiler-plate" conclusions which the record shows are not applicable at all to the case *sub judice*. For example, the very first ground for relief in the pleading captioned by Defendant Jones as a "Motion to Suppress *Search Warrant*" (emphasis added) is this puzzling allegation: "1. The search was without a search warrant and in the absence of exigent circumstances." Other puzzling allegations in the motion, which have nothing to do with the facts of this case, are that the search was a result of an unlawful inventory of Defendant Jones' car, the original search warrant could not be produced by the State, the issuing Judge did not retain a copy of the search warrant, and Defendant Jones was not provided a copy of the search warrant at the time of the search.

However, buried in the allegations contained in the motion are the assertions that the search was conducted with an illegal search warrant, though no facts are alleged in support of this conclusion. *See* Tenn. R. Crim. P. 47(c)(1) ("A motion shall state: (1) with particularity the grounds on which it is made;").

In any event, the trial court granted Defendant Jones' motion to suppress based upon its conclusion that the stop of Defendant McClanahan was constitutionally illegal, and therefore use of information obtained as a result of violation of Defendant McClanahan's

Fourth Amendment rights could not be used to authorize a search of Defendant Jones' home pursuant to a search warrant.

Since I conclude that the stop of Defendant McClanahan was not constitutionally illegal, then I conclude the search warrant regarding Defendant Jones' home was not constitutionally infirm under Defendant Jones' theory. However, even if the stop of Defendant McClanahan's vehicle had violated Defendant McClanahan's Fourth Amendment rights, I fail to see how Defendant Jones has standing to object to the seizure and search of Defendant McClanahan's vehicle in order to assert that certain facts thereby obtained could not be used to support issuance of a search warrant for Defendant Jones' home. *See Griffin v. State*, 604 S.W.2d 40, 43 (Tenn. 1980)(Defendant, passenger in a vehicle stopped and searched, was "without standing to contest the limited search under the seat of the automobile . . . because he claimed no ownership of the automobile or of the money discovered by the search."); *State v. Barger*, 612 S.W.2d 485, 491 (Tenn. Crim. App. 1980) (Where neither the area searched nor the property found belong to a defendant and/or are not in his possession, the defendant lacks standing to challenge the validity of the search.).

In *Bentley v. State*, 552 S.W.2d 778, 780 (Tenn. Crim. App. 1977) evidence found pursuant to a constitutionally void search warrant authorizing a search of co-defendant Kephart's motel room could still be used as evidence against co-defendants Bentley and Lane. This Court stated,

> We think Bentley and Lane cannot claim the constitutional right of Kephart to exclude evidence gathered from the unreasonable search of his room due to lack of standing. *Brown v. United States*, 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973). The use of the incriminating photographs depicting prohibited sexual acts involving Lane and Bentley seized from Kephart's room, therefore, were competent against them and proper for the jury to consider.

*Bentley*, 552 S.W.2d at 780.

Respectfully, I dissent from the majority's opinion.

_____
THOMAS T. WOODALL, JUDGE